THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STANLEY BOCLAIR, Defendant-Appellant.

Fourth District   No. 4—98—0997

Argued May 26, 1999.—Opinion filed March 21, 2000.

Joel T. Pelz, Jeffrey T. Shaw, and Clark C. Johnson, all of Jenner & Block, of Chicago, for appellant.

Thomas J. Brown, State's Attorney, of Pontiac (Norbert J. Goetten, Robert J. Biderman, and David E. Mannchen, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

Defendant, Stanley Boclair, currently serving a term of natural life in prison for murder, appeals the trial court's summary dismissal of his supplemental petition for postconviction relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 et seq. (West 1998)) and postjudgment relief pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1998)). Defendant previously appealed his case directly to the Supreme Court of Illinois and petitioned the state and federal courts for postconviction relief without success. We affirm.

I. BACKGROUND

In April 1986, a Livingston County jury convicted defendant of the 1984 murder of Thomas Riley, a fellow inmate at the Pontiac Correctional Center. Defendant was also convicted of conspiring to murder Riley. Defendant was sentenced to death on the murder conviction.

On direct appeal, the Supreme Court of Illinois vacated defendant's death sentence but affirmed his convictions. *People v. Boclair*, 129 Ill. 2d 458, 544 N.E.2d 715 (1989). In November 1991, defendant was resentenced to natural life in prison. The United States Supreme Court denied defendant's later petition for a writ of *certiorari*. *Boclair v. Illinois*, 503 U.S. 962, 118 L. Ed. 2d 213, 112 S. Ct. 1567 (1992). In October 1992, the trial court summarily dismissed defendant's *pro se* postconviction petition, a ruling this court upheld in *People v. Boclair*, No. 4—92—0969 (August 12, 1993) (unpublished order under Supreme Court Rule 23), and the Supreme Court of Illinois later denied leave to appeal. In November 1997, the United States District Court for the Central District of Illinois denied defendant's petition for a writ of *habeas corpus*.

In August 1998, defendant submitted a supplemental petition for postconviction and postjudgment relief on grounds defense investigators obtained "newly discovered evidence" pursuing defendant's federal *habeas corpus* challenge. According to the allegations, Kenneth Broughton, one of two inmates who testified to seeing defendant fatally stab Riley and one of four who directly tied defendant to the killing, now acknowledged he had perjured himself at trial. The petition alleged Broughton's recantation seriously undermined the State's case against defendant and revealed defendant's convictions were obtained in violation of his constitutional rights.

In his April 1998 sworn affidavit, Broughton stated he did not actually see anyone stab Riley but falsely accused defendant of the crime out of fear he would be implicated in the murder and because prison officials promised him a prison transfer and agreed to reinstate some good-time credit to his prison sentence in return for his testimony against defendant. Broughton said he was recanting because he "now realize[d] it was wrong to testify untruthfully at [defendant's] trial." Defendant 'asserted in his supplemental petition Broughton would not have recanted sooner, having depended on his false testimony to obtain a prison transfer, and thereby had deprived defendant of the opportunity to uncover this information earlier.

In November 1998, the trial court summarily dismissed defendant's supplemental petition as "patently without merit." Defendant now appeals and argues the cause should be remanded for an evidentiary hearing.

## II. ANALYSIS

Defendant contends he is entitled to a reversal of the trial court's summary dismissal of his supplemental petition and to an evidentiary hearing on the merits of the petition because Broughton's testimony

constitutes newly discovered evidence that defendant is actually innocent and the use of Broughton's perjured testimony at defendant's trial entitles him to both postconviction and postjudgment relief. 725 ILCS 5/122—1 *et seq.* (West 1998); 735 ILCS 5/2—1401 (West 1998).

The State contends defendant's supplemental petition is untimely and successive and his claims also fail on the merits. We agree defendant's petition is procedurally barred as untimely and successive.

■ Section 122—1(c) of the Act precludes the filing of a postconviction petition beyond three years after the date of conviction or six months after denial for leave to appeal, whichever is sooner, unless defendant alleges facts showing the delay was not due to his own culpable negligence. 725 ILCS 5/122—1(c) (West 1998). This limit applies retroactively to convictions made before the current limitations period. *People v. Bates*, 124 Ill. 2d 81, 84-86, 529 N.E.2d 227, 228-29 (1988); *People v. Robinson*, 140 Ill. App. 3d 29, 33-34, 487 N.E.2d 1264, 1266-67 (1986). Further, the Act contemplates the filing of only one postconviction petition unless proceedings on the initial petition were deficient in some fundamental way. *People v. Caballero*, 179 Ill. 2d 205, 211, 688 N.E.2d 658, 661 (1997); *People v. Carlisle*, 174 Ill. App. 3d 454, 455-56, 528 N.E.2d 1029, 1030 (1988). Similarly, a section 2—1401 petition filed beyond the statute's two-year limitation period cannot be considered absent a clear showing the period should be tolled due to legal disability or duress or to fraudulent concealment of the grounds for relief. 735 ILCS 5/2—1401(c) (West 1998); *Caballero*, 179 Ill. 2d at 210-11, 688 N.E.2d at 660-61.

These procedural hurdles are not superfluous. A defendant who claims the untimeliness of his belatedly filed postconviction petition was not due to his own culpable negligence must make a "substantial showing" this is the case by alleging facts supporting such a claim. *People v. McClain*, 292 Ill. App. 3d 185, 188, 684 N.E.2d 1062, 1064 (1997). Likewise, a defendant seeking section 2—1401 relief must not only allege facts demonstrating his opponent affirmatively attempted to prevent discovery of the purported grounds for relief but also offer factual allegations demonstrating his good faith and reasonable diligence in trying to uncover such matters before trial or within the limitations period. *Aroonsakul v. Flanagan*, 155 Ill. App. 3d 223, 227, 507 N.E.2d 1, 4 (1987).

These are significant standards and are not easily overcome. A defendant who asks the courts to apply exceptions to time limits or other stringent procedural bars in his case is affirmatively obliged to show why such exceptions apply, and the burden upon the defendant is a heavy one. He may not merely assert he is entitled to a legislative or judicial exception or make vague, conclusory assertions as to why

such exceptions apply in his case. Rather, the defendant must also show clearly through factual allegations that he previously made diligent attempts to uncover matters he now purports entitle him to judicial relief or otherwise demonstrate in significant detail how he could not have obtained such information before the limitations period expired or at prior postconviction proceedings.

Without such requirements, procedural bars enacted by the legislature to be enforced by the courts to curtail excessive and unnecessary appeals would be virtually meaningless and the State's legitimate interest in the finality of criminal litigation and judgments constantly disrupted and jeopardized. See *People v. Flores*, 153 Ill. 2d 264, 274, 606 N.E.2d 1078, 1083 (1992), quoting *Teague v. Lane*, 489 U.S. 288, 309, 103 L. Ed. 2d 334, 355, 109 S. Ct. 1060, 1074 (1989) (" '[w]ithout finality, the criminal law is deprived of much of its deterrent effect' ").

■ In this case, defendant has failed to even purport he was not culpably negligent or exercised due diligence in bringing this petition before the court more than 12 years after his conviction. He also failed to offer any evidence or even allege his first postconviction proceeding was fundamentally unfair. Defendant offered only the conclusory allegation Broughton came forward only now because he previously relied on his false testimony to preserve a prison transfer he received in 1984. In his affidavit, Broughton provides no further enlightenment as to his reasons for waiting to recant almost a decade and a half after first telling prison officials he saw defendant commit the murder, other than to say he now realized he should not have testified falsely at defendant's trial. None of this shows defendant diligently pursued Broughton regarding his willingness to recant or that defendant could not have obtained Broughton's recantation years earlier.

During oral argument, our court pointedly queried whether defendant had adequately alleged the absence of culpable neglect in securing the recantation evidence. Thereafter defendant filed both a motion to clarify a statement made at oral argument and a motion for leave to amend with a proposed amended supplemental petition for postconviction and postjudgment relief. The motions, attachments, and proposed amendment were designed to be responsive to the questions raised at oral argument.

The statutory requirement that an untimely postconviction petition allege—and demonstrate—the delay was not due to defendant's culpable negligence has been in effect for many years. We view the inadequacy of the petition as far more than a pleading defect and deny both motions.

We granted defendant leave to file the supplemental authority of

*People v. Wright*, 189 Ill. 2d 1, 723 N.E.2d 230 (1999), and directed the State to file a response to the supplemental authority.

In *Wright*, the supreme court held the time limit set forth in the Act is a statute of limitations rather than a matter of jurisdiction and it is improper to address the timeliness of a postconviction petition for the first time on appeal. *Wright*, 189 Ill. 2d at 9-12, 723 N.E.2d at 235-37. In *Wright*, the State moved to dismiss the defendant's second and amended petitions for postconviction relief. Thus, in *Wright*, the State had the opportunity to present any appropriate issue to the trial court.

In the case of defendant Boclair, the trial court dismissed his petitions at stage one of the postconviction process. The State had no opportunity to raise timeliness or culpable negligence issues in the trial court. The issue of timeliness has now been raised on appeal. It is our responsibility to make a *de novo* assessment of the petition (*People v. Coleman*, 183 Ill. 2d 366, 387-89, 701 N.E.2d 1063, 1075 (1998)), and nothing in *Wright* precludes us from considering whether the defendant's petition comports with the requirements of the Act. Simply put, the petition was successive, untimely, and did not sufficiently allege the untimely delay was not due to defendant's culpable negligence.

## III. CONCLUSION

In sum, we affirm the trial court's judgment summarily dismissing defendant's supplemental petition for postconviction and postjudgment relief.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.