THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. OSCAR PARHAM, Defendant-Appellant.

Second District    No. 2—99—0994

Opinion filed January 30, 2001.

Dennis M. Doherty, of Chicago, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz, of State's Attorneys Appellate Prosecutor's Office, of counsel), and Paul Benjamin Linton, of Northbrook, for the People.

JUSTICE O'MALLEY delivered the opinion of the court:

Defendant, Oscar Parham, presently serving a term of natural life

in prison for murder, appeals the trial court's summary dismissal of his petition brought under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 1998)). Defendant's direct appeal was unsuccessful, and his first postconviction petition was dismissed without a hearing. We affirm.

## BACKGROUND

Following a jury trial, defendant was convicted of two counts of first-degree murder and sentenced to life imprisonment. In the trial court, defendant, by counsel, filed the postconviction petition at issue here. Before the State's right to respond to the petition under the Act was triggered, the trial court filed a written order and opinion dismissing the petition without a hearing because it was "frivolous and patently without merit because not timely filed." The court noted that defendant was convicted eight years before he filed the petition and he did not attempt to demonstrate that the delay in filing was not due to his "culpable negligence." Accordingly, the court found that the petition was untimely under section 122—1(c) of the Act (725 ILCS 5/122—1(c) (West 1998)).

In this timely appeal, defendant argues that the trial court's dismissal of his petition as untimely was erroneous because "limitations is an affirmative defense, not at issue until raised by the [S]tate in a responsive pleading," and that the State waived its timeliness objection by not responding to his petition in the trial court. Defendant's other claims will be dealt with in an unpublished portion of this decision pursuant to Supreme Court Rule 23 (166 Ill. 2d R. 23). For the reasons provided below, we affirm the trial court's summary dismissal of defendant's postconviction petition.

## ANALYSIS

Section 122—1(c) of the Act provides:

> "No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court (or more than 45 days after the deadline for the filing of the defendant's brief with the Illinois Supreme Court if no brief is filed) or 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122—1(c) (West 1998).

The petitioner has the burden of establishing that a delay in filing a postconviction petition was not due to his culpable negligence. See *People v. Van Hee*, 305 Ill. App. 3d 333, 336 (1999).

■ Section 122—2.1(a) of the Act requires the trial court to review a petition and file an order within 90 days after the petition is filed and docketed ("initial review"). 725 ILCS 5/122—2.1(a) (West 1998). Section 122—2.1(a)(2) provides that, if the petitioner is under a sentence of imprisonment and the court finds that the petition is frivolous or patently without merit, then the court may enter a written order stating so, supported by findings of fact and conclusions of law. 725 ILCS 5/122—2.1(a)(2) (West 1998). If the court does not dismiss the petition, then it shall order that the petition be docketed for further consideration. 725 ILCS 5/122—2.1(b) (West 1998). The State must respond within 30 days or such further time as the court may set. 725 ILCS 5/122—5 (West 1998). The State is not permitted to respond to the petition during its initial review by the trial court; at this stage "the circuit court considers the petition independently, without any input from either side." *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996). Appellate review of a trial court's summary dismissal of a post-conviction petition is *de novo*. See *People v. Coleman*, 183 Ill. 2d 366, 388 (1998).

The trial court dismissed defendant's petition during its initial review, before the State had the opportunity to respond. The trial court based its dismissal partly on its finding that the petition was untimely under section 122—1(c) of the Act. Although it had no occasion to raise a timeliness objection to the petition in the trial court, the State asks us to affirm the trial court's *sua sponte* finding of untimeliness. Defendant concedes that his petition is untimely, but he contends that the timeliness of his petition is not properly before this court. Defendant argues that the trial court had no authority to dismiss his petition as untimely in the absence of the State's motion to dismiss on that ground and that the State has waived its timeliness objection by not raising it in the trial court. Defendant cites *People v. Wright*, 189 Ill. 2d 1 (1999), for the proposition that the time restriction in section 122—1(c) constitutes not a jurisdictional bar but a statute of limitations that the State must affirmatively plead or waive.

The State cites *Wright* for the opposite conclusion that a trial court has the authority to dismiss a petition as untimely during its initial review despite the fact that the State can never raise a timeliness objection during that initial review. We agree with the State's reading of *Wright*.

Unlike the petition under review here, the petition in *Wright* survived the initial review stage, giving the State the opportunity it did not have in this case to respond to the petition. *Wright*, 189 Ill. 2d at 5. The State successfully sought to dismiss the petition, but not on timeliness grounds. *Wright*, 189 Ill. 2d at 5, 11. On appeal, the defen-

dant did not contend that the petition was timely but instead asserted that the State had waived its timeliness objection by not bringing it before the trial court. *Wright*, 189 Ill. 2d at 10-11. The court agreed, holding that the time limit found in section 122—1(c) is a statute of limitations rather than a jurisdictional bar to a court's review of a petition and that the State had waived the timeliness objection by failing to bring it earlier. *Wright*, 189 Ill. 2d at 10.

The court continued as follows:

> "Here, although the facts support the conclusion that defendant did not file his petition within the time limits found in section 122—1, that section allows a defendant to file a petition outside the limitations period if the late filing is not due to the defendant's culpable negligence. [Citation]. By not raising this issue until the cause was on appeal, the State has effectively precluded defendant from seeking to amend his petition to allege facts demonstrating that the late filing was not caused by his culpable negligence. While we recognize that section 122—1 requires the defendant to allege facts demonstrating a lack of culpable negligence, we do not believe that this requirement allows the State to wait until an appeal to raise an affirmative defense that the defendant may be able to avoid by amending his petition." *Wright*, 189 Ill. 2d at 11.

The court then added this proviso:

> "In reaching this conclusion, we caution that we are not limiting the trial court's ability, during the court's initial review of noncapital petitions [citation], to dismiss the petition as untimely. The import of our decision is simply that matters relating to the timeliness of a defendant's petition should first be considered in the trial court, either upon a motion by the State or pursuant to the duty imposed upon the trial court by section 122—2.1(a)(2)." *Wright*, 189 Ill. 2d at 11-12.

Simple or not, the foregoing *Wright* analysis prompted a strongly worded special concurrence that foreshadowed the confusion and disagreement that now exist among our appellate districts on how to construe *Wright*. See *Wright*, 189 Ill. 2d at 19-40 (Freeman, J., specially concurring).

The First District held in *People v. Lopez*, 317 Ill. App. 3d 1047, 1052-53 (2000), that the trial court may, during its initial review, "summarily dismiss an untimely petition as 'frivolous' where the allegations, taken as true, do not show a lack of culpable negligence in failing to file a timely petition."

The Second District noted in *People v. Huffman*, 315 Ill. App. 3d 611, 613 (2000), that the plain language of the Act requires the dismissal of an untimely petition unless the defendant alleges facts showing the delay was not occasioned by his culpable negligence.

The Third District in *People v. Arias*, 309 Ill. App. 3d 595, 597 (2000), held that if timeliness is not addressed by the trial court then it cannot be addressed in the appellate court.

The Fourth District in *People v. Boclair*, 312 Ill. App. 3d 346, 350 (2000), *leave to appeal granted*, 189 Ill. 2d 690 (2000), held that the appellate court had a responsibility to address the timeliness issue even if the trial court had not. Later, in *People v. Harden*, 316 Ill. App. 3d 695, 697-98 (2000), the Fourth District observed that *Wright* makes it "abundantly clear" that the trial court may consider *sua sponte* the time limits of a postconviction petition during its initial review.

Finally, in the culmination of a line of cases (see *People v. Hill*, 313 Ill. App. 3d 362 (2000); *People v. Johnson*, 312 Ill. App. 3d 532 (2000); *People v. McCain*, 312 Ill. App. 3d 529 (2000)), the Fifth District held in *People v. Whitford*, 314 Ill. App. 3d 335, 343 (2000), that the trial court may not consider the timeliness of the petition during the court's initial review.

To explain our holding we now will examine the foregoing cases. First, we agree with the First District's holding in *Lopez*. In *Lopez*, the trial court during its initial review (*i.e.*, before the State had an opportunity to respond) dismissed the defendant's petition as untimely. *Lopez*, 317 Ill. App. 3d at 1048. *Lopez* held that the trial court may, during its initial review, "summarily dismiss an untimely petition as 'frivolous' where the allegations, taken as true, do not show a lack of culpable negligence in failing to file a timely petition." *Lopez*, 317 Ill. App. 3d at 1052-53. While we agree with the holding in *Lopez*, we disagree with the First District's observation in *Lopez* that *Wright* said "the trial court is free to consider untimeliness of the petition during its initial review, 'either upon a motion by the State or pursuant to the duty imposed upon the trial court by section 122—2.1(a)(2).' " (Emphasis omitted.) *Lopez*, 317 Ill. App. 3d at 1050, quoting *Wright*, 189 Ill. 2d at 11-12. *Lopez* has read too much into the *Wright* holding; the pivotal language that it quotes from *Wright* does not indicate when the State first may make a motion to dismiss a postconviction petition on timeliness grounds. While nowhere in *Wright* is there an express statement that the State may *not* make a motion to dismiss on timeliness grounds during the initial review, there also is no evidence in the opinion of an overt or implied overruling of the supreme court's recent holding that, during the initial review of a petition, "the circuit court considers the petition independently, *without any input from either side*" (emphasis added) (*Gaultney*, 174 Ill. 2d at 418). In our view, *Wright* holds that the trial court can consider timeliness *sua sponte* during the initial review or upon a motion by the State *at a later time*. See *Wright*, 189 Ill. 2d at 11-12.

We have not yet had occasion to address this issue squarely. Our closest opportunity was in *People v. Huffman*, 315 Ill. App. 3d 611 (2000). In *Huffman*, the court upheld the trial court's dismissal of the defendant's petition as untimely, observing that the plain language of the Act requires the dismissal of an untimely petition unless the defendant alleges facts showing the delay was not caused by his negligence. *Huffman*, 315 Ill. App. 3d at 613. However, as the court noted, the case before it differed from *Wright* in that the State had seized the opportunity it did not seize in *Wright* to raise the issue of timeliness before the trial court. *Huffman*, 315 Ill. App. 3d at 613. In both *Wright* and *Huffman*, the petition had survived the trial court's initial review which, as noted, occurs without the State's participation. Thus, in both *Wright* and *Huffman* the State participated in the trial court proceedings that were the subject of appeal. In *Wright*, the supreme court found that the State's voluntary failure to raise timeliness in the trial court constituted waiver. Unlike *Wright*, in *Huffman* the State did raise its timeliness objection as soon as the State was allowed to participate in the trial court proceedings, *i.e.*, after the petition survived the court's initial review. Thus, *Huffman* did not address whether the trial court could have considered the timeliness of a petition *sua sponte* during its initial review. *Huffman*, 315 Ill. App. 3d at 613-14.

The Third District in *Arias*, 309 Ill. App. 3d 595, where the "circuit court dismissed the petition at the first stage of the proceedings without the circuit court ruling on its timeliness," concluded that "[u]nder *Wright* *** timeliness ha[d] been waived." *Arias*, 309 Ill. App. 3d at 597. By these remarks, the court clearly assumed that the circuit court could have ruled on the petition's timeliness *sua sponte*. We do not believe the appellate court would have grounded its ruling on the trial court's failure to do something which the appellate court believed the trial court had no power to do anyway. Thus, *Arias* adhered to the *Wright* mandate by concluding that timeliness cannot be addressed for the first time on appeal.

We disagree with the First District's observation that, in *Arias*, the Third District "took *Wright* to mean the failure of the State to raise timeliness of the petition at the first stage waives the issue, since the time limitations in the Act should be considered an affirmative defense." *Lopez*, 317 Ill. App. 3d at 1050, citing *Arias*, 309 Ill. App. at 597. Contrary to the First District's reading of *Arias*, the Third District does not even mention in *Arias* that the State did not raise a timeliness objection in the trial court, much less ascribe any consequence to that fact. See *Arias*, 309 Ill. App. 3d at 597.

In *Boclair*, the Fourth District encountered the same situation

that the Third District had in *Arias,* but came to a different conclusion. The trial court had dismissed the petition during the initial review, but not on timeliness grounds. *Boclair,* 312 Ill. App. 3d at 347. Unlike *Arias, Boclair* held that the appellate court had the responsibility to address the timeliness issue even if it had not been addressed in the trial court. *Boclair,* 312 Ill. App. 3d at 350. *Boclair* distinguished *Wright* by noting that the *Wright* court had addressed a situation where the State had had an opportunity to raise timeliness in the trial court because the petition had survived the initial review. *Boclair,* 312 Ill. App. 3d at 350. *Boclair* noted that it was reviewing a situation where the petition had not survived the initial review (although it was dismissed by the trial court on grounds other than timeliness) and thus the State had not participated. *Boclair,* 312 Ill. App. 3d at 350. *Boclair* held that the issue of timeliness can be addressed for the first time on appeal as long as the case was dismissed during the initial review by the trial court, where the State did not participate. *Boclair,* 312 Ill. App. 3d at 350. *Boclair* addressed only part of the concern identified in *Wright, i.e.,* that the State not be allowed voluntarily to wait until appeal to raise timeliness. Nevertheless, *Boclair* failed to comport with *Wright* because the timeliness objection was raised and decided for the first time on appeal.

Later, in *People v. Harden,* 316 Ill. App. 3d 695, 698 (2000), the Fourth District observed that *Wright* makes it abundantly clear that the trial court may consider *sua sponte* the timeliness of a postconviction petition during its initial review "at least where *** the defendant had not alleged that the untimeliness is not due to his culpable negligence."

Finally, the Fifth District repeatedly has held that trial courts may not consider the timeliness of petitions during the initial review phase. See *Whitford,* 314 Ill. App. 3d at 343. The Fifth District held that *Wright's* affirmation of the authority of a trial court to dismiss a petition *sua sponte* as untimely during the initial review is *dicta* and "not controlling." *Whitford,* 314 Ill. App. 3d at 341, citing *Wright,* 189 Ill. 2d at 11.

■ We agree with the First District in *Lopez* and the Fourth District in *Harden* and hold that a trial court may, on its own initiative, consider the timeliness of a petition during its initial review of that petition pursuant to section 122—2.1(a)(2) of the Act. Our holding satisfies *Wright's* mandate that the timeliness of a petition be addressed first in the trial court, either by the trial court *sua sponte* during its initial review of the petition or upon the State's motion if the petition survives the initial review.

In so ruling, we note that the holding in *Wright* plainly was

structured by the court's desire to cure a particular inequity it perceived in the facts before it. In *Wright,* the petition survived the trial court's initial review, and, although the State thereafter filed a motion to dismiss the petition, it failed to seize its opportunity to raise a timeliness objection before the trial court. *Wright,* 189 Ill. 2d at 5. The State first raised its timeliness objection on appeal. *Wright,* 189 Ill. 2d at 5. The supreme court was concerned that a decision *not* to find that the State had waived its timeliness objection in these circumstances would have permitted the State in all cases "to wait until an appeal to raise an affirmative defense that the defendant may· be able to avoid by amending his petition." *Wright,* 189 Ill. 2d at 11. Assuring that its intent only was to insure "that matters relating to the timeliness of a defendant's petition *** first be considered in the trial court," the court emphasized that it was not limiting "the trial court's ability, during the court's *initial review* of noncapital petitions [citation], to dismiss the petition as untimely." (Emphasis. added.) *Wright,* 189 Ill. 2d at 11.

The court then specified two means whereby timeliness could be considered in the trial court: (1) on the State's motion (which can occur only after the initial review phase); or (2) "pursuant to the duty imposed upon the trial court by section 122—2.1(a)(2)." *Wright,* 189 Ill. 2d at 11-12. We regard this language as a clear affirmation of the trial court's power to consider *sua sponte* the timeliness of a petition during its initial review of the petition.

Given that the court's design in *Wright* was both to ensure that the timeliness of a petition first is considered in the trial court and to prevent the State's voluntary relinquishment of its opportunity to raise a timeliness objection in the trial court from thwarting this design, we find that a trial court's *sua sponte* dismissal of a petition as untimely during its initial review, as happened in this case, is entirely consistent with that design and appropriate. The case before us does not raise the concerns mollified in *Wright.* Per *Wright's* mandate, the timeliness of defendant's petition here first was considered in the trial court. During the initial review, before the State had an opportunity to respond, the trial court dismissed the petition without a hearing, indicating in its written order that it found the petition untimely. Defendant appealed the summary dismissal to this court. The State asks us to affirm the trial court's dismissal of the petition as untimely. We refuse to find, as defendant asks, that the State waived its timeliness objection where it simply had no opportunity to raise it before this appeal. "Waiver" is the "intentional or voluntary relinquishment of a known right." Black's Law Dictionary 1751 (4th ed. 1968). We cannot say that a party waived an objection which, through no fault of its

own, it had no opportunity to raise under the controlling rules of procedure.

To label simply as *dicta* the *Wright* court's affirmation of the trial court's authority to dismiss a petition as untimely during its initial review, as does the Fifth District (see *Whitford*, 314 Ill. App. 3d at 341), is only to begin an analysis of that affirmation's import. The fact that the court could have decided the issues in *Wright* without including its remarks on the permissible grounds for summary dismissal of a petition is not dispositive. A declaration of opinion upon a point argued by counsel and deliberately passed upon by the court, though not essential to the disposition of the cause, is judicial *dictum* to be accorded "much weight" and disregarded only if erroneous. *Cates v. Cates*, 156 Ill. 2d 76, 80 (1993). Judicial *dictum* is contrasted with *obiter dictum*, which is a "remark or opinion uttered by the way," and thus as a general rule is not binding authority. *Cates*, 156 Ill. 2d at 80. In *Whitford*, the Fifth District does not reference this crucial distinction. See *Whitford*, 314 Ill. App. 3d at 341.

We believe that the court in *Wright* viewed its remarks about the trial court's authority to dispose of a postconviction petition during its initial review pursuant to section 122—2.1(a)(2) as part of its holding in the case. In ruling that untimeliness is an affirmative defense that the State must plead or waive and then applying this ruling to hold that the State had waived its timeliness objection by failing to take the opportunity to raise it at the trial level, the court recognized that it had raised a critical question: may a trial court ever properly dismiss a postconviction petition as untimely during the court's initial review of that petition given that the State is not allowed input during that process and thus cannot raise a timeliness objection? See *Wright*, 189 Ill. 2d at 7-12. The court, expressly disavowing an intention to abrogate "the trial court's ability, during the court's initial review of noncapital petitions [citation], to dismiss the petition as untimely," answered this question unambiguously. *Wright*, 189 Ill. 2d at 11.

The court's declaration was not academic. After deciding an issue raised by the parties in a manner that impliedly eliminated the trial court's ability to consider the timeliness of a postconviction petition during its initial review of that petition, the court explicitly clarified that holding with an affirmative and decisive pronouncement. The clarification was part of the holding. Therefore, we view as judicial *dictum* the *Wright* court's affirmation of the authority of a trial court to dismiss a postconviction petition as untimely during its initial review. Accordingly, we will disregard that affirmation only if we find it erroneous. See *Cates*, 156 Ill. 2d at 80.

We do not find that pronouncement erroneous. We disagree with the Fifth District's reasoning in *Whitford* that, because the time limit that section 122—1 imposes on postconviction petitions is a statute of limitations, the trial court never can consider the timeliness of a petition during its initial review of the petition. See *Whitford*, 314 Ill. App. 3d at 342-43. As our preceding discussion concerning *dicta* revealed, labels sometimes are indeterminate. Legal analysis that relies too heavily on a label, rather than looking to the law itself, quickly can become flawed. Flawed analysis can lead to widely divergent interpretations and pronouncements such as we have seen above.

In analyzing section 122—1(c), *Wright* observed that it had "more in common with statutes of limitations than with statutes conferring jurisdiction." *Wright*, 189 Ill. 2d at 8. Unfortunately, *Wright* did not stop there and went on to say that section 102—1(c) was a statute of limitations, and some subsequent interpretations of *Wright* seized upon that label. In so doing, those courts have ignored the actual *Wright* analysis (*i.e.*, the "more in common" language) and have disregarded other clear language of *Wright* as *obiter dictum* in order to pay heed to the label "statute of limitations." This label, notably, does not appear anywhere in the Act. A review of the analysis in *Wright* indicates the court was not certain that "statute of limitations" was the proper category for the time limit. For example, if the time limit in section 122—1(c) is a statute of limitations in the full sense, then it would be the State's burden to plead all facts constituting a petitioner's noncompliance with the time limit, including the existence of the petitioner's culpable negligence. Yet, as *Wright* holds, it is expressly the *petitioner's* burden to prove the *absence* of culpable negligence. See *Wright*, 189 Ill. 2d at 12 (holding that a petitioner "should plead facts demonstrating his lack of culpable negligence").

The analysis in *Wright* clearly implies that the time limit does not possess *all* features of a typical statute of limitations. Focusing, as we should, on the language of the Act itself rather than adhering to a label, we note that the time limit in section 122—1(c) has a hybrid nature that allowed the *Wright* court to find an exception to this putative statute of limitations for the court's initial review of a petition. Simply put, our view is that the legislature is free to create a provision that carries some of the qualities of a typical statute of limitations but not all of those qualities. Such a hybrid provision reasonably could be labeled a "statute of limitations" for convenience. See *Wright*, 189 Ill. 2d at 27 (Freeman, J., specially concurring), citing *Smith v. City of Chicago Heights*, 951 F.2d 834, 838 (7th Cir. 1992) (interpreting Illinois law and referring to provisions that impose jurisdictional bars on actions as "statutes of limitations").

■ Of course, reasonable minds may dispute the soundness of an exception to this putative statute of limitations for the court's initial review of a petition. We recognize that it is never appropriate for a court to read into a statute exceptions, conditions, and limitations that flout the plain legislative intent. See *Eagan v. Chicago Transit Authority*, 158 Ill. 2d 527, 532 (1994). At the same time, however, we must acknowledge that the supreme court's interpretation of a statute is considered part of the statute itself unless and until the legislature amends the statute contrary to the interpretation. See *Henrich v. Libertyville High School*, 186 Ill. 2d 381, 387 (1998). Even if we considered it within our authority to question an unambiguous interpretation of the Post-Conviction Act by our supreme court, we would find no plain expression of legislative intent that the court in *Wright* disregarded in ruling that the trial court has power to dismiss a postconviction petition as untimely during its initial review even though the State can bring no motion regarding the petition during that review.

■ As the timeliness of defendant's petition was considered at the trial level, and the State, although having no opportunity to raise a timeliness objection in the trial court because the petition was summarily dismissed, has asked us to affirm the trial court's *sua sponte* finding that the petition is untimely, we address the timeliness of the petition. As noted, defendant does not deny that his petition was untimely. Nor does he offer a substantiated reason why the delay was not due to his culpable negligence. To show the absence of culpable negligence, a petitioner must allege facts "justifying the delay in filing." *People v. Bates*, 124 Ill. 2d 81, 88 (1988). "Freedom from culpable negligence is very difficult to establish." *People v. Burris*, 315 Ill. App. 615, 617 (2000).

■ Defendant claims that he possesses "newly discovered evidence" regarding the veracity of accomplice and State's witness Ronald Walker's admission at defendant's trial that his testimony against defendant was in exchange for a plea of guilty to armed violence and a recommendation for 20 years' imprisonment. Defendant does not, however, indicate even the general time frame in which he discovered this evidence. He merely states that he has learned from "multiple sources" that Walker's attorney promised Walker before he testified at defendant's trial that he would receive imprisonment of 6 years instead of 20 years in exchange for his testimony against defendant. Defendant's lack of specificity precludes us from finding that his delay in bringing this claim of perjury by Walker was not due to his own culpable negligence. See *Huffman*, 315 Ill. App. 3d at 614 (finding burden of proving freedom from culpable negligence not met because the defendant "did not allege any specific dates of when he learned of the allegedly new evidence").

Defendant also fails to explain why he waited until his second postconviction petition to argue that his trial attorney provided ineffective assistance of counsel for failing to impeach State's witness David Caples more thoroughly and for failing to inform defendant of the risks of going to trial. Defendant blames appellate counsel for not pressing these claims on direct appeal from his judgment, but he neglects to explain why he did not raise these issues in his first postconviction petition, which he drafted *pro se* and which was denied summarily pursuant to section 122—2.1(a)(2) of the Act *before* he was entitled to the assistance of counsel. See 725 ILCS 5/122—4 (West 1998) (providing that survival of the initial review period under section 122—2.1 is a prerequisite to appointment of counsel). A defendant's ignorance of procedures governing postconviction petitions does not excuse the untimely filing of a postconviction petition. See *People v. Perry*, 293 Ill. App. 3d 113, 115-16 (1997), citing *People v. Diefenbaugh*, 40 Ill. 2d 73, 74 (1968). Defendant has no attorney to blame for his decision not to bring these claims in his first postconviction petition.

In sum, we find that the trial court properly considered the timeliness of defendant's petition during its initial review of the petition under section 122—2.1 of the Post-Conviction Hearing Act and correctly dismissed the petition as untimely.

Therefore, we affirm the circuit court's dismissal of defendant's postconviction petition and, accordingly, affirm his conviction and sentence.

Affirmed.

COLWELL, P.J., and RAPP, J., concur.