No. 3--00--0982
_________________________________________________________________

 IN THE

 APPELLATE COURT OF ILLINOIS

 THIRD DISTRICT

 A.D., 2002

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court
OF ILLINOIS, ) of the 10th Judicial Circuit,
 ) Peoria County, Illinois
 Plaintiff-Appellee, )
 )
 v. ) No. 95--CF--258
 )
SCOTT A. TOOLEY, ) Honorable
 ) Joe R. Vespa,
 Defendant-Appellant. ) Judge, Presiding
_________________________________________________________________

 JUSTICE HOMER delivered the opinion of the court:
_________________________________________________________________

 Following a bench trial, the defendant, Scott Tooley, was found guilty of three counts of
theft by deception. 720 ILCS 5/16--1(a)(2)(A) (West 1996). He was sentenced to two concurrent
extended term prison sentences of 10 years each to be served consecutively to one 10-year extended
term of imprisonment. 720 ILCS 5/16--1(b)(4); 730 ILCS 5/5--8--2(a)(5), 5--8--4 (West 1996). He
filed a pro se postconviction petition, which was dismissed at the second stage on the grounds of
untimeliness and waiver. 725 ILCS 5/122--1 et seq. (West 2000). On appeal, he argues that (1) he
was not culpably negligent for the untimely filing of his petition, (2) the arguments in his
petition were not waived, and (3) his extended term sentences are void because they violate the
proportionality provisions of the Illinois Constitution. We reduce his sentences from 10-year
extended terms to 5-year nonextended terms, but otherwise affirm.
 BACKGROUND
 The facts that led to the defendant's indictment are fully discussed in the defendant's direct
appeal to this court in People v. Tooley, No. 3--96--0416 (1997) (unpublished order under Supreme
Court Rule 23). Only those facts which are necessary to an understanding of the instant appeal will
be set forth here.
 The defendant was indicted on four counts of theft by deception, but the State dismissed count
III. According to the evidence adduced at trial, the defendant convinced three elderly victims to
write checks to him for future home nursing and health care from a nonexistent company. These
elderly victims wrote him checks of $3,398, $4,402, and $1,329, respectively. He was convicted of
three counts of theft by deception of property exceeding $300, but not exceeding $10,000. 720 ILCS
5/16--1(b)(4) (West 1996). He was sentenced to extended terms on the basis that his victims were 60
years of age or older.
 On May 3, 1996, the defendant was sentenced and transferred to Iowa to serve a sentence
previously imposed in that state. On May 8, 1996, he filed his notice of direct appeal. In that
appeal, we affirmed his conviction and sentence.
 His petition for leave to appeal to the Illinois Supreme Court was denied on April 1, 1998.
People v. Tooley, 177 Ill. 2d 584, 698 N.E.2d 548 (1998). On September 20, 1999, the defendant
filed a pro se postconviction petition. In his petition, he argued that his due process rights were
violated because (1) the State failed to prove one of the elements of the crime beyond a reasonable
doubt, (2) the court erred by imposing a consecutive sentence because the offenses were committed as
part of a single course of conduct, (3) his extended term sentences were void under a theory of
disproportionality, (4) his extended term sentences subjected him to double jeopardy because the
same aggravating factor was used both to enhance and to extend the term of his sentence, (5) his
trial counsel was ineffective, and (6) his appellate counsel was ineffective for failing to allege
ineffectiveness of trial counsel.
 The trial court appointed counsel and docketed the petition for further proceedings. The
State moved to dismiss the petition as untimely and on waiver grounds. Through his counsel, the
defendant filed a supplemental affidavit in support of the petition. In this affidavit, the
defendant alleged that he was not culpably negligent for filing his petition late because (1) he was
incarcerated in Iowa from the date he was sentenced, May 3, 1996, until January 28, 1999, when he
was transferred from Iowa to Illinois, and he had no access to a law library that contained Illinois
law during that time; (2) after he was transferred from Iowa to Illinois, he did not have access to
any law library from January 28 to February 19, 1999; and (3) he did not have access to a law
library during several lock-downs in the Illinois prison thereafter. He asserted that he filed his
petition as soon as he reasonably could have become aware that he was eligible for postconviction
relief in Illinois.
 On November 17, 2000, the trial court granted the State's motion to dismiss "based on the
statute of limitation theory and the waiver theory." The defendant appealed.
 ANALYSIS
 I. Timeliness
 No postconviction proceeding shall be commenced more than six months after the denial of a
petition for leave to appeal, or three years from the date of conviction, whichever is sooner,
unless the petitioner alleges facts showing that the delay was not due to his culpable negligence.
725 ILCS 5/122--1(c) (West 2000). This time limit acts as a statute of limitations in which the
State may challenge the timeliness of a defendant's petition in a second stage motion to dismiss.
People v. Wright, 189 Ill. 2d 1, 723 N.E.2d 230 (1999).
 A defendant has the burden of establishing that a delay in filing his postconviction petition
was not due to his culpable negligence. People v. Parham, 318 Ill. App. 3d 818, 743 N.E.2d 697
(2001). The trial court's determination of culpable negligence will not be disturbed unless it is
manifestly erroneous. People v. Mitchell, 296 Ill. App. 3d 930, 696 N.E.2d 365 (1998).
 Freedom from culpable negligence is very difficult for a defendant to establish. Parham, 318
Ill. App. 3d 818, 743 N.E.2d 697. A defendant's allegation that he lacked access to a law library
is insufficient to prove lack of culpable negligence. People v. Lee, 292 Ill. App. 3d 941, 688
N.E.2d 673 (1997).
 Where the record shows that prison lock-downs have deprived the defendant of a meaningful
opportunity to prepare his petition in a timely fashion, some delay is excusable. Mitchell, 296
Ill. App. 3d 930, 696 N.E.2d 365. In Mitchell, however, we held that the defendant failed to allege
facts sufficient to show a lack of culpable negligence where his petition was 232 days late and he
was on lock-down 103 days during that period.
 Although the defendant claims that he did not have access to a law library that contained
Illinois law while incarcerated in Iowa, this assertion fails to persuade. The defendant did not
allege that he was deprived of access to a law library while in Iowa, only that he did not have
access to a law library containing Illinois law. Even if he had alleged that he did not have access
to any law library while in Iowa, such allegations would have been insufficient to prove lack of
culpable negligence. See Lee, 292 Ill. App. 3d 941, 688 N.E.2d 673.
 The defendant alleges that lock-downs and other events in Illinois further delayed his access
to a law library containing Illinois law. These Illinois events could not have deprived him of a
meaningful opportunity to prepare his petition in a timely fashion because his petition already
would have been late at the time he was transferred from Iowa to Illinois. His petition should have
been filed by October 1, 1998, and he was transferred to Illinois on January 28, 1999.
 We hold that it was not manifestly erroneous for the trial court to dismiss the defendant's
postconviction petition as untimely. Because we affirm the trial court's dismissal of the
defendant's postconviction petition as untimely, we need not address his waiver arguments.
 II. Disproportionate Sentences
 The defendant argues that his extended term sentences are void because they violate the
proportionality provisions of the Illinois Constitution. The State notes that this court has held
that matters that could have been raised on direct appeal, but were not, are considered waived. See
People v. Smith, 136 Ill. App. 3d 300, 483 N.W.2d 655 (1985). However, we have also held that a
defendant may challenge a void sentence at any time. See People v. Chapin, 233 Ill. App. 3d 28, 597
N.E.2d 1250 (1992).
 In Chapin, this court held that the proportionate penalties and due process provisions of the
Illinois Constitution (Ill. Const.1970, art I, secs. 2, 11) precluded a defendant from being
sentenced to an extended term sentence for theft by deception, based on the aggravating factor that
the victim was 60 years of age or older. Chapin, 233 Ill. App. 3d 28, 597 N.E.2d 1250.
 In pertinent part, section 16--1 of the Criminal Code of 1961 (Code)provides:
 "(a) A person commits theft when he knowingly:
 ***
 (2) Obtains by deception control over property of the owner*** [and]
 * * *
 (A) Intends to deprive the owner permanently of the use or benefit of
the property.
 * * *
 (b)(4) *** theft of property exceeding $300 and not exceeding $10,000 in value, is a Class
 3 felony.
 * * *
 (b)(7) Theft by deception, as described by paragraph (2)
 of subsection (a) of this Section, in which the offender obtained money or property valued at
 $5,000 or more from
 a victim 60 years of age or older is a Class 2 felony."
 720 ILCS 5/16--1 (West 1996).
 In this instance, because the amount taken from each elderly victim was less than $5,000, the
trial court was required to sentence the defendant as a Class 3 offender under section 16--1(b)(4),
rather than as a Class 2 offender under section 16--(b)(7). A Class 3 felony carries a sentencing
range of two to five years. 730 ILCS 5/5--8--1(6) (West 1996). However, since the victims in this
case were over 60 years of age, the trial court determined that the defendant was eligible for
extended term sentences, and sentenced him to ten-year extended terms on each of the three counts.
730 ILCS 5/5--5--3.2(b)(4)(ii), 5--8--2(a)(5) (West 1996).
 Had the defendant been sentenced as a Class 2 offender under section 16--1(b)(7) of the Code,
he would have faced a sentencing range from three to seven years of imprisonment. 720 ILCS 5/16--
1(b)(7); 730 ILCS 5/5--8--1(a)(5) (West 1996). An extended term could not be applied to section 16--
1(b)(7) because the victim's age could not be used both as an element of the offense and as an
aggravation factor to extend the sentence. Chapin, 233 Ill. App. 3d 28, 597 N.E.2d 1250; People v.
Ferguson, 132 Ill. 2d 86, 547 N.E.2d 429 (1989).
 This sentencing scheme leads to the disproportionate result that a defendant who steals more
than $5,000 deceptively from an elderly victim could be sentenced to a maximum of 7 years'
imprisonment, but a defendant who steals $301 deceptively from an elderly victim could be sentenced
to an extended term of 10 years' imprisonment. Under this scheme, a less serious offense receives a
greater penalty and a more serious offense receives a lesser penalty. As we stated in Chapin,
"[t]he policy underlying Illinois' constitutional assurances of proportionate penalties and due
process (Ill. Const 1970, art. I, §§2, 11) would be violated if the penalty prescribed for an
offense were not as great or greater than the penalty prescribed for a less serious offense."
Chapin, 233 Ill. App. 3d at 34, 597 N.E.2d at 1254. The remaining question is whether the
defendant's sentences are void.
 If a trial court imposes a sentence in excess of that permitted by law, the authorized portion
of the sentence is not void, but the excess portion of the sentence is void. In re T.E., 85 Ill. 2d
326, 333, 423 N.E.2d 910, 913 (1981). A defendant may attack, and an appellate court may correct, a
void sentencing order at any time. Chapin, 233 Ill. App. 3d 28, 597 N.E.2d 1250; People v. Arna,
168 Ill. 2d 107, 658 N.E.2d 445 (1995). The constitutionality of a statute is a question of law,
which we review de novo. People v. Rhoades, 323 Ill. App. 3d 644, 753 N.E.2d 537 (2001).
 As in Chapin, the present defendant's extended term sentences were unauthorized by the
Illinois Constitution's proportionality provisions. Sentences unauthorized by the Illinois
Constitution are sentences not permitted by law, and are therefore void. Because the extended
portions of the defendant's sentences are void as a matter of law, they could be attacked at any
time regardless of waiver or the untimeliness of his postconviction petition.
 Because the defendant's extended term sentences were unauthorized by the Illinois
Constitution, we exercise our appellate powers to reduce the punishment imposed by the trial court
to non-extended term sentences. 134 Ill. 2d R. 615(b)(4).
 CONCLUSION
 For the foregoing reasons, we reduce the defendant's sentence for count I to five years of
imprisonment to be served concurrently to a five-year prison sentence for count IV. These sentences
are to be served consecutively to a five-year prison sentence for count II. We otherwise affirm the
judgment of the Peoria County circuit court.
 Affirmed as modified.
HOLDRIDGE, J., and LYTTON, P.J., concurred.