THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES TOWNSEND, Defendant-Appellant.

Second District    No. 2—01—0222

Opinion filed August 21, 2002.

G. Joseph Weller, of State Appellate Defender's Office, of Elgin, and Carol L. Anfinson, of Aurora, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (Martin P. Moltz and Diane L. Campbell, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE O'MALLEY delivered the opinion of the court:

Defendant, James Townsend, appeals the summary dismissal of

his postconviction petition. The trial court denied defendant's petition at the initial stage of the postconviction proceedings because, among other things, the petition was not filed timely. Defendant argues on appeal that this court should remand the cause so that defendant can allege facts in his petition that establish that his delay in filing the petition was not due to his own culpable negligence. Defendant additionally argues that the trial court erred when it summarily dismissed his postconviction petition because defendant raised a valid constitutional issue in his petition. Specifically, defendant claimed that his consecutive sentences were unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). We affirm.

Following a jury trial, which was conducted in February 1993, defendant was convicted of first degree murder (720 ILCS 5/9—1(a)(2) (West 1992)) and attempted first degree murder (720 ILCS 5/8—4(a), 9—1(a)(2) (West 1992)). On April 2, 1993, he was sentenced to consecutive sentences of 55 years' imprisonment for first degree murder and 30 years' imprisonment for attempted first degree murder. Defendant appealed, and this court affirmed defendant's convictions and sentences. See *People v. Townsend*, No. 2—93—0563 (1995) (unpublished order under Supreme Court Rule 23).

On July 20, 1995, our supreme court denied defendant's petition for leave to appeal. On December 26, 2000, defendant filed a *pro se* postconviction petition, arguing, among other things, that his consecutive sentences were unconstitutional under *Apprendi*. Defendant never argued in his petition or at any time before or after the petition was filed that the delay in filing his postconviction petition was not due to his own culpable negligence. The trial court denied the petition, finding, among other things, that the petition was not filed timely. This appeal followed.

■ There are three stages to a postconviction proceeding, and this appeal concerns the first such stage, *i.e.*, the trial court's initial review. *People v. Parham*, 318 Ill. App. 3d 818, 821 (2001). During the initial review, the trial court may dismiss the postconviction petition of a defendant who has been sentenced to a term of imprisonment if the court finds that the petition is frivolous and patently without merit. 725 ILCS 5/122—2.1(a)(2) (West 2000). The court must evaluate the merits of the petition at the initial review without any input from either the State or the defendant. *Parham*, 318 Ill. App. 3d at 821. We review *de novo* the trial court's summary dismissal of a defendant's postconviction petition. *Parham*, 318 Ill. App. 3d at 821.

■ Section 122—1(c) of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1(c) (2000)) sets forth the time limitations within which

a defendant must file a postconviction petition. This section of the Act specifically provides as follows:

"No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court (or more than 45 days after the deadline for the filing of the defendant's brief with the Illinois Supreme Court if no brief is filed) or 3 years from the date of conviction, whichever is sooner, unless the [defendant] alleges facts showing that the delay was not due to his or her culpable negligence." 725 ILCS 5/122—1(c) (West 2000).

■ Here, defendant filed his petition almost 8 years after he was convicted and 5¹/₂ years after his petition for leave to appeal was denied, and defendant never advanced any reason why the delay in filing the petition should not be attributed to his own culpable negligence. Although defendant agrees that his petition was untimely, he claims that the trial court should not have dismissed *sua sponte* his postconviction petition as untimely at the summary dismissal stage of the proceedings. Rather, defendant claims that the trial court should have allowed defendant to amend his postconviction petition so that he could allege facts establishing that the delay in filing the petition was not due to his own culpable negligence.

In his brief, defendant argues that this court should follow *People v. Stewart*, No. 1—99—3621 (September 25, 2001) (*Stewart I*), which, according to defendant, relied on *People v. Wright*, 189 Ill. 2d 1 (1999). On December 11, 2001, the appellate court in *Stewart I* allowed a petition for rehearing and vacated *Stewart I*. On December 18, 2001, the appellate court filed *People v. Stewart*, 326 Ill. App. 3d 933 (2001) (*Stewart II*). Given this sequence of events, we refuse to follow *Stewart I*. Nevertheless, in addition to examining *Stewart II*, we will also review *Wright*, which, according to defendant's brief, unequivocally provides that "a post-conviction petition should not be dismissed for failure to allege lack of culpable negligence if the petition can be amended to include such allegations."

In *Wright*, our supreme court addressed whether the time limitations in section 122—1 of the Act were jurisdictional prerequisites to maintaining a postconviction petition or were more analogous to statutes of limitations. *Wright*, 189 Ill. 2d at 7-8. The court concluded that these time restraints were more similar to statutes of limitations, and, as such, the State would waive any timeliness argument it would raise on appeal if it also did not raise that argument in the trial court. *Wright*, 189 Ill. 2d at 8, 10-11. The court reasoned that the waiver rule

would apply because, among other things, if the State waited until the appeal to raise a timeliness issue, the State would be preventing the defendant from amending his petition to include facts that established that the delay in filing the petition was not due to the defendant's own culpable negligence. *Wright*, 189 Ill. 2d at 12. After reaching this conclusion, the court cautioned that "we are not limiting the trial court's ability, during the court's initial review of noncapital [postconviction] petitions [citation], to dismiss the petition as untimely. The import of our decision is simply that matters relating to the timeliness of a defendant's petition should first be considered in the trial court, either upon a motion by the State or pursuant to the duty imposed upon the trial court by section 122—2.1(a)(2) [of the Act]." *Wright*, 189 Ill. 2d at 11-12.

Our reading of *Wright* reveals that the trial court may consider the timeliness of a petition during the court's initial review of the petition. The court never stated, as defendant suggests, that if a trial court dismisses the petition at the initial stage because the petition was not filed timely, then on appeal the reviewing court must remand the cause so that the defendant can allege facts establishing that the delay in filing the petition was not due to the defendant's own culpable negligence. Rather, the court's statements about amending the petition related to situations where timeliness was never raised in the trial court, and the State waited until the appeal before it raised a timeliness argument. This is not the scenario presented in this cause.

In *Stewart II*, one of the issues raised on appeal was whether the trial court erred when it dismissed the defendant's *pro se* postconviction petition as untimely at the initial stage of the proceedings. *Stewart II*, 326 Ill. App. 3d at 934. After discussing the split amongst the districts of the appellate court regarding whether a trial court could dismiss an untimely postconviction petition at the initial stage, the court decided to adopt the First District's approach to the issue, which concluded that a trial court could address the timeliness of a petition at the initial stage of the proceedings. *Stewart II*, 326 Ill. App. 3d at 936.

One of the First District cases on which the *Stewart II* court relied was *People v. Scullark*, 325 Ill. App. 3d 876 (2001). In addressing *Scullark*, the *Stewart II* court noted that the defendant in *Scullark* alleged in his motion to reconsider the trial court's dismissal of the untimely petition that the delay in filing the petition was not due to the defendant's own culpable negligence. *Stewart II*, 326 Ill. App. 3d at 937. Thus, the court in *Stewart II* concluded that the issue of timeliness and the defense of a lack of culpable negligence were raised in the trial court when that court summarily dismissed the defendant's petition.

*Stewart II*, 326 Ill. App. 3d at 937. The *Stewart II* court then commented that, in contrast to *Scullark*, the defendant in *Stewart II* never addressed in the trial court the issue of a lack of culpable negligence. *Stewart II*, 326 Ill. App. 3d at 938. Given this fact, the *Stewart II* court determined that *Scullark* was distinguishable, and the *Stewart II* court concluded that the trial court did not err when it summarily dismissed the defendant's petition as untimely. *Stewart II*, 326 Ill. App. 3d at 938.

We too have reviewed *Scullark* and find it inapplicable in this cause. In *Scullark*, the relevant issue presented to the court for purposes of this appeal was whether a defendant must allege a lack of culpable negligence in the postconviction petition itself. *Scullark*, 325 Ill. App. 3d at 879. In resolving this issue, the court noted that some reviewing courts read the relevant provisions of the Act as requiring a defendant to include such allegations in the petition while other courts did not. *Scullark*, 325 Ill. App. 3d at 880. After examining these cases, the court in *Scullark* concluded that a defendant does not need to allege a lack of culpable negligence in the postconviction petition itself because the petition may be amended at a later date. 725 ILCS 5/122—5 (West 2000); *Scullark*, 325 Ill. App. 3d at 880. The court further noted that if the defendant presents facts *to the trial court* establishing a lack of culpable negligence, then the reviewing court should remand the cause so that the defendant may amend the petition to include those facts. *Scullark*, 325 Ill. App. 3d at 882.

Here, in contrast to *Scullark*, defendant has never advanced any reason why his petition was not filed timely. Once defendant learned that the trial court was dismissing his petition because it was not filed timely, defendant could have sought to amend the petition (see 725 ILCS 5/122—5 (West 2000)), or, at a minimum, under *Scullark* defendant could have filed a motion in which he alleged that the delay in filing the petition was not attributable to his own culpable negligence. Defendant took neither of these steps. Thus, we must conclude, in line with *Stewart II*, that the trial court, which was never aware of any excuse for defendant's late filing, properly dismissed defendant's petition as untimely at the initial stage of the proceedings. Therefore, we refuse to remand this cause for defendant to amend his petition.

Although we find *Scullark* factually distinguishable, we must note that *Scullark*, in reviewing *Wright*, noted that *Wright* held that if a petition is unsuccessful because the petition was not filed timely and did not contain any facts alleging a lack of culpable negligence, then the defendant must be given an opportunity to amend the petition. *Scullark*, 325 Ill. App. 3d at 881. *Scullark* then noted that "[t]he logical implication of this holding is that it is not strictly necessary for the

[defendant] to plead a lack of culpable negligence until the issue has been raised by the State (or by the [trial] court, which may dismiss for lack of timeliness in the initial summary hearing without the State's motion), at which point the [defendant] should be allowed to amend his petition." *Scullark*, 325 Ill. App. 3d at 881. This statement indicates, in light of the facts presented in *Scullark*, that the court in *Scullark* determined that a defendant must present facts to the trial court that establish a lack of culpable negligence.

We also note that *Scullark* commented about some cases from the Fifth District that have concluded, in line with *Wright*, that the time limitations in the Act are an affirmative defense that the State should raise. *Scullark*, 325 Ill. App. 3d at 881 n.1. Given this position, the Fifth District has concluded that trial courts should refrain from dismissing postconviction petitions at the summary dismissal stage when the dismissal is based on the late filing of the petition. See *Scullark*, 325 Ill. App. 3d at 881 n.1, citing *People v. Johnson*, 312 Ill. App. 3d 532, 533-34 (5th Dist. 2000), *appeal allowed*, 189 Ill. 2d 694 (2000), and *People v. McCain*, 312 Ill. App. 3d 529, 531 (5th Dist. 2000). *Scullark* refused to adopt this view because *Wright* specifically stated that it was not limiting a trial court's ability to dismiss a petition as untimely during the court's initial review of the petition. *Scullark*, 325 Ill. App. 3d at 881 n.1. As noted above, we agree with this interpretation of *Wright*, and we, like the court in *Scullark*, refuse to follow the Fifth District.

In reaching our conclusion that defendant's postconviction petition was properly dismissed and that this cause should not be remanded for defendant to allege a lack of culpable negligence, we note that this court in *Parham* has touched upon the issue raised in this appeal. In *Parham*, the issue presented to this court was whether the trial court erred when it summarily dismissed the defendant's postconviction petition as untimely because the State failed to raise timeliness as a defense in the trial court, and, thus, the State waived timeliness as a defense. *Parham*, 318 Ill. App. 3d at 821. After addressing *Wright* and considering the appellate court cases that discussed *Wright*, this court concluded that "a trial court may, on its own initiative, consider the timeliness of a petition during its initial review of that petition pursuant to section 122—2.1(a)(2) of the Act." *Parham*, 318 Ill. App. 3d at 825. This court also noted that the State could not waive its right to argue on appeal that the defendant's postconviction petition was untimely because the State never had the opportunity to address that issue in the trial court. *Parham*, 318 Ill. App. 3d at 825-26. Once this conclusion was reached, this court asked,

"[M]ay a trial court ever properly dismiss a postconviction petition as untimely during the court's initial review of that petition given that the State is not allowed input during that process and thus cannot raise a timeliness objection?" *Parham*, 318 Ill. App. 3d at 827. Citing *Wright*, this court determined that a trial court unquestionably may dismiss a postconviction petition as untimely at the summary dismissal stage of the proceedings. *Parham*, 318 Ill. App. 3d at 827.

Although we realize that *Parham* did not answer the specific question raised in this appeal, *i.e.*, whether a reviewing court must remand a cause dismissing a postconviction petition when the defendant has not alleged in the trial court a lack of culpable negligence, we determine that *Parham* has alluded to the conclusion that a reviewing court need not remand a cause under these circumstances. Specifically, *Parham* clearly provides that a trial court, pursuant to section 122—2.1(a)(2) of the Act, may review the timeliness of a petition during its initial review and may dismiss an untimely petition. Section 122—2.1(a)(2) of the Act provides that if a defendant is sentenced to imprisonment and the court finds that the postconviction petition is frivolous and patently without merit, the court may dismiss the petition. 725 ILCS 5/122—2.1(a)(2) (West 2000). *Wright* also mentioned this point when it noted that a trial court could consider the timeliness of a petition during its initial review because the court had a duty to do so under section 122—2.1(a)(2) of the Act. *Wright*, 189 Ill. 2d at 11-12. Given these provisions, we fail to see how a trial court could be given the authority to review the timeliness of a postconviction petition during its initial review of the petition and, yet, not be allowed to dismiss an untimely petition when the defendant fails to allege in the trial court any facts that establish a lack of culpable negligence. In reaching the conclusion that a trial court may dismiss an untimely petition that is not accompanied by any facts establishing a lack of culpable negligence, we must note that it is the defendant who has the burden of establishing that the delay in filing the postconviction petition was not attributable to the defendant's own culpable negligence. *Parham*, 318 Ill. App. 3d at 820.

■ Even though we determine that defendant's postconviction petition was properly dismissed, we briefly will address the second issue defendant has raised on appeal. Defendant argues that because he raised a viable constitutional argument in his petition, the trial court erred when it summarily dismissed it. Specifically, defendant argued in his petition that his consecutive sentences violated *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. Ed. 2d 435, 120 S. Ct. 2348 (2000). In making his argument, defendant acknowledges that our supreme court has concluded that *Apprendi* does not affect consecutive sentences.

See *People v. Wagener*, 196 Ill. 2d 269, 286 (2001). Defendant asks this court to reconsider *Wagener* and conclude that *Apprendi* does apply to consecutive sentences. We decline to do that and note that our supreme court consistently has held that consecutive sentences do not run afoul of *Apprendi*. See *People v. Rogers*, 197 Ill. 2d 216, 224 (2001); *People v. Carney*, 196 Ill. 2d 518, 536 (2001).

For these reasons, the judgment of the circuit court of Lake County is affirmed.

Affirmed.

GEIGER and CALLUM, JJ., concur.