THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff and Respondent-Appellee, v. JOHN ARIAS, Defendant and Petitioner-Appellant.

Third District   No. 3—97—0691

Opinion filed November 17, 1999—Modified on denial of rehearing January 21, 2000.

Peter A. Carusona, of State Appellate Defender's Office, of Ottawa, for appellant.

James Glasgow, State's Attorney, of Joliet (John X. Breslin and Nancy Rink Carter, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KOEHLER delivered the opinion of the court:

The petitioner, John Arias, appeals the Will County circuit court's dismissal of his petition for postconviction relief after it determined that his petition did not include sufficient facts from which the circuit court could conclude that the petitioner made a valid claim of deprivation of a constitutional right and, thus, his petition was patently without merit. 725 ILCS 5/122—2.1(a)(2) (West 1994). On appeal, the petitioner contends that the circuit court erred in dismissing his petition. In response, the State argues that the petition was properly dismissed because it was untimely and it failed to present the gist of a meritorious claim. For the following reasons, we conclude that: (1) the timeliness argument has been waived; and (2) the circuit court properly dismissed the petition as patently without merit. Accordingly, we affirm.

## I. FACTS

A jury convicted the petitioner of unlawful possession of contraband in a penal institution. 720 ILCS 5/31A—1.1 (West 1994). His conviction stemmed from a search of his prison cell which uncovered seven homemade knives found under the steel plate of a stool. At trial, the petitioner argued that he did not know the knives were in the stool and that he had only been transferred to that cell three months before the knives were found. A State witness testified that the reason for a majority of the petitioner's cell transfers was routine. However, the witness did not know whether the defendant had requested a transfer to that particular cell.

On November 9, 1994, the circuit court sentenced the petitioner to serve a 10-year term consecutively with the sentence he was currently serving. Subsequent to our affirmance of the petitioner's conviction on November 16, 1995 (*People v. Arias*, No. 3—94—0787 (1995) (unpublished order under Supreme Court Rule 23)), the supreme court allowed the petitioner to file a late petition for leave to appeal, which it then denied on December 4, 1996. The petitioner placed his *pro se* postconviction petition in the prison mail on June 10, 1997. In his petition, the petitioner alleged that his trial counsel was ineffective when he failed to call a particular witness. However, the petitioner failed to allege facts showing that the delay in filing was not due to his culpable negligence. The circuit court dismissed his petition, concluding that his petition was patently without merit and failed to raise a sufficient constitutional question upon which to grant relief. The petitioner now appeals.

## II. ANALYSIS

### A. Timeliness

Initially, the State argues that we do not have jurisdiction over this cause because the petition was untimely filed. The petitioner concedes that his petition was filed six days past the time mandated in the statute. However, he argues that since the circuit court did not rule that the petition was late, he was denied the opportunity to allege facts showing that the lateness was not due to his culpable negligence. Therefore, he requests that this court remand his case to the circuit court for appointment of counsel so that he can amend his petition and allege lack of culpable negligence.

■ Our supreme court recently held that because time is not an inherent element of the right to bring a postconviction petition, compliance with the Post-Conviction Hearing Act (Act) (725 ILCS 5/122—1 *et seq.* (West 1994)) is not a jurisdictional prerequisite. *People v. Wright*, 189 Ill. 2d 1, 8-9 (1999). Therefore, the court reasoned, the time limitations in the Act should be considered an affirmative defense that, if not raised at the trial level, is waived. *Wright*, 189 Ill. 2d at 11.

■ In this case, the circuit court dismissed the petition at the first stage of proceedings without the circuit court ruling on its timeliness. Under *Wright*, then, the timeliness issue has been waived. Accordingly, we will review the merits of the case.

### B. Merits of the petition

■ On appeal from a first-stage dismissal of a postconviction petition, our review is plenary. *People v. Coleman*, 183 Ill. 2d 366, 388-89, 701 N.E.2d 1063, 1075 (1998). "The question raised in an appeal from an order dismissing a post-conviction petition is whether the allegations in the petition, liberally construed and taken as true, are sufficient to invoke relief under the [Post-Conviction Hearing] Act." *Coleman*, 183 Ill. 2d at 388, 701 N.E.2d at 1075.

The petitioner argues that his petition presented the gist of a meritorious claim of ineffective assistance of trial counsel in that counsel was ineffective for failing to call correctional officer Cleeves as a witness. According to the petitioner, Cleeves was a cell house sergeant who would have testified that the petitioner was moved to the cell in question because of a job assignment and not because the petitioner requested the transfer.

■ The general requirement that a postconviction petitioner set forth the gist of a meritorious constitutional claim means that he must allege sufficient facts from which the trial judge could find a valid claim of deprivation of a constitutional right. *People v. Lemons*, 242 Ill. App. 3d 941, 946, 613 N.E.2d 1234, 1237 (1993). When a defen-

dant attacks the competency of trial counsel in a postconviction petition for having failed to call or contact certain witnesses, a defendant must attach affidavits from those witnesses to his petition for postconviction relief. *People v. Rial*, 214 Ill. App. 3d 420, 423-24, 573 N.E.2d 842, 845-46 (1991). Finally, a petition for postconviction relief based on ineffective assistance of counsel may properly be dismissed without an evidentiary hearing if the defendant fails to show prejudice by counsel's alleged error in failing to investigate and call certain witnesses. *People v. Spreitzer*, 143 Ill. 2d 210, 219, 572 N.E.2d 931, 935 (1991).

■ Here, a review of the record indicates two reasons why the circuit court properly dismissed the petition as patently without merit. First, the petition did not include Officer Cleeves' affidavit. Therefore, the petitioner failed to support his allegation that Cleeves' testimony would have been favorable to his case. Second, although defense counsel did not call Officer Cleeves to testify, counsel's omission did not prejudice the petitioner because the substance of Cleeves' alleged testimony would not have affected the outcome of the trial. On direct appeal, the petitioner argued that he was not proven guilty beyond a reasonable doubt. In rejecting his contention, we held that the knives were located in an area under the petitioner's control for three months before the search, thus giving rise to an inference that the petitioner knowingly possessed the knives. See *People v. Arias*, No. 3—94—0787 (1995) (unpublished order under Supreme Court Rule 23). Therefore, whether the petitioner requested a transfer to that particular cell or if he was moved because of a job assignment is irrelevant.

## III. CONCLUSION

In sum, we conclude that under *Wright* the timeliness of the petition is not properly before this court because this issue was not raised at the trial level. In addition, the petitioner failed to present the gist of a meritorious claim of ineffective assistance of counsel for failing to: (1) attach Officer Cleeves' affidavit to his petition; and (2) show that he was prejudiced by counsel's failure to call Cleeves as a witness. Therefore, we affirm the circuit court's dismissal of the petitioner's postconviction petition and, accordingly, affirm his conviction and sentence.

Affirmed.

SLATER, P.J., and HOLDRIDGE, J., concur.