No. 2--00--1358

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

THE PEOPLE OF THE STATE                                )   Appeal from the Circuit Court

OF ILLINOIS,                     )   of Du Page County.

)

Plaintiff-Appellee, )

)

v.                   )   No. 94--CF--1190

)

STEVEN SAWCZENKO,            )   Honorable

                     )   Perry R. Thompson,

Defendant-Appellant.                    )   Judge, Presiding.

_________________________________________________________________

JUSTICE KAPALA delivered the opinion of the court:

Defendant, Steven Sawczenko, appeals from an order of the circuit court of Du Page County summarily dismissing his second postconviction petition without an evidentiary hearing.  For the reasons that follow, we reverse and remand.

I. FACTS

On September 12, 1994, defendant pleaded guilty to aggravated battery to a peace officer (720 ILCS 5/12--4(b)(6) (West 1992)).  The trial court sentenced defendant to 5 years' imprisonment to be served consecutively to a 20-year prison term for a separate,  unrelated offense.  On October 7, 1994, defendant filed a 
pro
 
se
 motion to withdraw his plea of guilty and vacate the judgment.  Subsequently, defendant appeared before the trial court and withdrew that motion.  Defendant did not file a direct appeal of his conviction or sentence.  

On September 11, 1997, defendant filed a 
pro
 
se
 postconviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122--1 
et
 
seq.
 (West 1996)) supported by his own affidavit.  In the petition, defendant alleged that he was on psychotropic medication at the time he entered his plea of guilty; that there was a 
bona
 
fide
 doubt as to his fitness to stand trial due to this medication; that he was entitled to a fitness hearing; and that the assistant State's Attorney handling his case knew he was medicated, yet failed to inform the trial court.  Defendant asserted that his right to due process of law under the United States Constitution was violated because he was denied a fitness hearing and that his trial counsel was ineffective for failing to request a fitness hearing on his behalf.

After counsel was appointed, defendant filed an amended postconviction petition.  On October 21, 1998, the State filed a motion to dismiss defendant's postconviction petition.  Judge Thomas E. Callum denied the motion to dismiss on January 27, 1999, ruling that defendant was entitled to a hearing on the allegations he raised regarding the psychotropic medication he was taking at the time he pleaded guilty.

On February 19, 1999, the State filed an answer to defendant's postconviction petition.  On November 1, 1999, defendant appeared before Judge Kathryn E. Creswell with his attorney.  Defendant's attorney informed the trial court that defendant was moving to withdraw his postconviction petition "based on some legal research that [defendant] has done, as well as some religious beliefs."  Defendant's attorney also indicated that defendant understood that the trial court had previously ruled that he was entitled to an evidentiary hearing on his petition.  The trial court asked defendant if what his attorney said was true, and defendant responded, "Yes, that is correct."  When asked if he was taking any type of prescription medication at that time, defendant said, "Not at all."  The trial court asked defendant if he understood that if he withdrew his petition he would be foreclosed from pursuing any issues or claims of error at a future date.  Defendant said, "I do[,] your Honor."  Defendant also told the trial court that he understood that the State's motion to dismiss his petition had been denied and that if he withdrew his petition there would be no evidentiary hearing.  Finally, when the trial court told defendant that he would have to serve out the rest of his sentence and that would be the end of it, defendant said, "I understand."  With that, the trial court allowed defendant to withdraw his postconviction petition and remanded defendant to the custody of the Illinois Department of Corrections.

On August 18, 2000, defendant filed a second petition for postconviction relief.  Defendant alleged various claims of ineffective assistance of postconviction counsel.  In addition, defendant alleged that, although he was not on any medication when he withdrew the prior postconviction petition, he was not in a proper frame of mind to make that decision.  Defendant alleged that "extreme religiousism [
sic
]" due to insomnia led him to believe that he was to withdraw his postconviction petition "by divine providence."  Defendant also requested the reinstatement of the claims he made in his first postconviction petition.

On November 13, 2000, defendant appeared before Judge Perry R. Thompson at a status hearing on his second postconviction petition.  The trial court asked defendant what he was asking for in his petition and defendant said he wished to "[r]einstate the post conviction [
sic
] petition on the same issues that it was originally raised and additional issues on the supplemental petition."  When asked for the State's position, the assistant State's Attorney declined to participate.  The trial court told defendant that he had read defendant's first and second postconviction petitions and reviewed the file.  The trial court then confirmed the procedural details with defendant before concluding, "I frankly don't see a basis for relief here under the [P]ost[-][C]onviction [Hearing] [A]ct, so I am going to deny it."  The assistant State's Attorney then asked the trial court if he was finding the latest pleading frivolous.  The trial court responded that the pleading "[d]oes not state a basis upon which a [
sic
] relief can be drawn upon the act.  Draw an order, denied."  The trial court entered a written order stating in pertinent part:

"IT IS HEREBY ORDERED: upon examination of petition by this Court there is a finding said petition is frivolous and patently without merit pursuant to 725 ILCS 5/122--2.1."

Defendant timely appeals from that order.

II. DISCUSSION

A.  Stage-One Dismissal

Defendant first contends that the trial court erred by summarily dismissing his second postconviction petition, which sought to reinstate the first petition, where his first petition had been found to warrant an evidentiary hearing.  The State argues that the second petition was properly dismissed.  A brief discussion of the three procedural stages of the Act is warranted.

At stage one, section 122--2.1 directs the trial court to dismiss the petition if the petitioner is sentenced to imprisonment and if the court determines that "the petition is frivolous or is patently without merit."  725 ILCS 5/122--2.1(a)(2) (West 2000).  Section 122--2.1(a) requires the court to examine the petition and enter an order "[w]ithin 90 days after the filing and docketing of each petition."  725 ILCS 5/122--2.1(a) (West 2000).  Section 122--2.1 does not contemplate any input from the State by responsive pleading or otherwise.  See 
People v. Gaultney
, 174 Ill. 2d 410, 418 (1996).  Under section 122--2.1, the trial court is concerned merely with determining whether the petition's allegations sufficiently demonstrate a constitutional infirmity that would necessitate relief under the Act.  
People v. Coleman
, 183 Ill. 2d 366, 380 (1998).  At the first stage, the trial court does not rule on the merits of the petition; rather, the trial court simply decides if the petition on its face is frivolous or patently without merit.  
People v. Oury
, 259 Ill. App. 3d 663, 667 (1994).  In order to withstand dismissal at stage one, the postconviction petition need only contain a simple statement that presents the gist of a constitutional claim for relief that is meritorious when considered in view of the record.  
Oury
, 259 Ill. App. 3d at 667.  If a petition is not dismissed under section 122--2.1, then it is to be docketed and considered in accordance with sections 122--4 through 122--6 of the Act.  725 ILCS 5/122--2.1(b) (West 2000).

At stage two, section 122--4 provides for the appointment of counsel if the petitioner has no means to procure counsel.  725 ILCS 5/122--4 (West 2000).  Also at stage two, section 122--5 directs that the State shall either answer or move to dismiss the petition.  725 ILCS 5/122--5 (West 2000).  At this stage, the trial court must determine whether the petition and any accompanying documents make a substantial showing of a constitutional violation. See 
Coleman
, 183 Ill. 2d at 381. 

Finally, at stage three, section 122--6 gives the trial court the discretion to hold a hearing and provides that the court may receive proof by affidavits, depositions, oral testimony or other evidence.  725 ILCS 5/122--6 (West 2000).

In this case, the trial court dismissed defendant's postconviction petition at stage one. 
Our review of the trial court's dismissal of defendant's postconviction petition at stage one of the proceedings under the Act is 
de
 
novo
.  
People v. Edwards
, 197 Ill. 2d 239, 247 (2001).

1. Timeliness

Defendant urges us to conclude that the proceedings on the second petition must be treated as proceedings on the first petition for timeliness purposes because the second petition was intended to reinstate and supplement the earlier petition.  We cannot so conclude.

If we were to consider defendant's second postconviction petition a motion to reinstate his first, we would find the motion to reinstate untimely.  On November 1, 1999, the trial court granted defendant's motion to withdraw his first petition as is permitted under section 122--5 of the Act (725 ILCS 5/122-5 (West 1998)).  On August 18, 2000, more than nine months later, defendant filed his second petition.  A trial court loses jurisdiction to vacate or modify its judgment 30 days after entry of judgment unless a timely postjudgment motion is filed.  
Beck v. Stepp
, 144 Ill. 2d 232, 238 (1991).  If a postconviction petitioner were allowed to reinstate a previously withdrawn petition at any time, the Act's prescribed time limits for requesting postconviction relief (725 ILCS 5/122--1(c) (West 2000)) would be nullified.

As to the timeliness of defendant's second petition, section 122--1(c) of the Act sets forth the applicable time limitation for filing a postconviction petition:

"No proceedings under this Article shall be commenced more than 6 months after the denial of a petition for leave to appeal or the date for filing such a petition if none is filed or more than 45 days after the defendant files his or her brief in the appeal of the sentence before the Illinois Supreme Court (or more than 45 days after the deadline for the filing of the defendant's brief with the Illinois Supreme Court if no brief is filed) or 3 years from the date of conviction, whichever is sooner, unless the petitioner alleges facts showing that the delay was not due to his or her culpable negligence."  725 ILCS 5/122--1(c) (West 2000).

Since defendant filed no direct appeal, the triggering event in this case was defendant's conviction on September 12, 1994, making the filing deadline September 12, 1997.  Defendant acknowledges that his second petition was not filed until almost six years after his conviction but argues that, because the trial court's stage-one dismissal was not predicated upon the untimeliness of the second petition, we cannot affirm the dismissal on that basis.  Defendant concludes that any argument as to his culpable negligence should occur at stage two, where he could be appointed counsel and permitted to amend his petition.  The State argues that defendant's second petition was untimely and we should affirm the trial court's first-stage dismissal on that basis even though the trial court did not, contending that we may affirm for any reason warranted by the record, regardless of the reasons relied on by the lower court (
People v. Caballero
, 179 Ill. 2d 205, 211 (1997)).

The trial court has the authority to dismiss a postconviction petition for untimeliness after its initial review under section 122--2.1(a) of the Act (725 ILCS 5/122--2.1(a) (West 2000)).  
People v. Wright
, 189 Ill. 2d 1, 11 (1999); 
People v. Parham
, 318 Ill. App. 3d 818, 821 (2001).  However, the issue presented here  is whether a stage-one dismissal of a postconviction petition can be affirmed on appeal on the ground that the petition was untimely, when, in fact, the trial court did not address the subject of timeliness.

We begin our analysis of this issue by reviewing our supreme court's holding in 
Wright
.  The trial court in 
Wright
 dismissed defendant's postconviction petition at stage two of the proceedings on the State's motion to dismiss, which did not raise the issue of the petition's timeliness.  
Wright
, 189 Ill. 2d at 5.  After concluding that the time limit in the Act is to be considered a statute of limitations and not a jurisdictional requirement (
Wright
, 189 Ill. 2d at 10), the court said:

"By not raising [the issue of timeliness] until the cause was on appeal, the State has effectively precluded defendant from seeking to amend his petition to allege facts demonstrating that the late filing was not caused by his culpable negligence.  While we recognize that section 122--1 requires the defendant to allege the facts demonstrating a lack of culpable negligence, we do not believe that this requirement allows the State to wait until an appeal to raise an affirmative defense that the defendant may be able to avoid by amending his petition.  By failing to raise this issue below, the State has waived its right to argue that defendant's petition is untimely.

In reaching this conclusion, we caution that we are not limiting the trial court's ability, during the court's initial review of noncapital petitions [citation], to dismiss the petition as untimely.  The import of our decision is simply that matters relating to the timeliness of a defendant's petition should first be considered in the trial court, either upon a motion by the State or pursuant to the duty imposed upon the trial court by section 122--2.1(a)(2)."  
Wright
, 189 Ill. 2d at 11-12.

The 
Wright
 court summed the issue up by stating, "Thus, if the State wishes to challenge the timeliness of a defendant's petition, it should raise that argument first in the trial court, where any amendments can be made and factual disputes resolved."  
Wright
, 189 Ill. 2d at 12.

There is a split of authority in the appellate court on the issue of whether the timeliness of a postconviction petition is properly considered on appeal where the trial court summarily dismissed the petition at stage one of the proceedings on a basis other than timeliness.  

The Third District in 
People v. Arias
, 309 Ill. App. 3d 595, 597 (1999), held that if timeliness is not addressed by the trial court then it cannot be addressed by the appellate court. 
Arias
, 309 Ill. App. 3d at 597 (1999).  In 
Arias
, the trial court
 dismissed defendant's petition at stage one without ruling on the timeliness of the petition.  
Arias
, 309 Ill. App. 3d at 596.  Defendant argued that, because the trial court did not rule that the petition was late, he was denied the opportunity to allege facts showing the lateness was not due to his culpable negligence.  
Arias
, 309 Ill. App. 3d at 597.  The 
Arias
 court accepted this argument, concluding that the time limitation in the Act is considered an affirmative defense that, if not raised in the trial court, is waived.  
Arias
, 309 Ill. App. 3d at 597, citing 
Wright
, 189 Ill. 2d at 11.

The Fourth District in the case of 
People v. Boclair
, 312 Ill. App. 3d 346, 350 (2000),
 
appeal
 
allowed
, 189 Ill. 2d 690 (2000), concluded differently.   In 
Boclair
, like this case and 
Arias
, defendant's petition was dismissed at stage one of the proceedings and the State, therefore, had no opportunity to raise the timeliness issue in the trial court.  
Boclair
, 312 Ill. App. 3d at 350.  The 
Boclair
 court simply held:

"It is our responsibility to make a 
de
 
novo
 assessment of the petition (
People v. Coleman
, 183 Ill. 2d 366, 387-89, 701 N.E.2d 1063, 1075 (1998)), and nothing in 
Wright
 precludes us from considering whether the defendant's petition comports with the requirements of the Act."  
Boclair
, 312 Ill. App. 3d at 350.

In 
Parham
, this court concluded that the holding in 
Arias
 "adhered to the 
Wright
 mandate by concluding that timeliness cannot be addressed for the first time on appeal" (
Parham
, 318 Ill. App. 3d at 824), and that the holding in "
Boclair
 failed to comport with 
Wright
 because the timeliness objection was raised and decided for the first time on appeal" (
Parham
, 318 Ill. App. 3d at 825).  We continue to believe that 
Arias
 is the better-reasoned opinion.

The unfairness identified in 
Wright
, brought about by considering the timeliness of a postconviction petition for the first time on appeal, is that it denies petitioner the opportunity to amend his petition to allege facts demonstrating a lack of culpable negligence.  
Wright
, 189 Ill. 2d at 11.  Several recent appellate court decisions contemplate a petitioner's ability to  amend a postconviction petition to plead a lack of culpable negligence in response to a dismissal based upon untimeliness.  See 
People v. Stewart
, 326 Ill. App. 3d 933 (2001)); 
People v. Scullark
, 325 Ill. App. 3d 876 (2001).  

In 
Scullark
, the First District concluded that "
Wright
 thus  indicates that if the petition is unsuccessful due to a failure to include allegations of a lack of culpable negligence, the petitioner must be given an opportunity to amend."  
Scullark
, 325 Ill. App. 3d at 881.  The 
Scullark
 court reasoned as follows:

"[E]ven if it is necessary for the allegations to be included in the petition, petitioner need not allege a lack of culpable negligence at the outset, as the petition may be later amended to include such allegations.  
Wright
, 189 Ill. 2d at 11, 723 N.E.2d at 237.  The Act provides that the 'court may in its discretion make such order as to amendment of the petition *** as shall be appropriate, just and reasonable and as is generally provided in civil cases.' 725 ILCS 5/122--5 (West 1998).  Generally, when a party asks to amend a complaint, leave to do so is freely given.  'A circuit court abuses its discretion if it refuses to allow a plaintiff to amend his complaint when a cause of action can be stated if the complaint is amended.' [Citation.] "  
Scullark
, 325 Ill. App. 3d at 880.

In this case, the trial court dismissed defendant's second petition at stage one without considering the petition's timeliness, including whether defendant alleged a lack of culpable negligence in filing the petition late.  In adherence with the holding in 
Wright
, and because the amendment of a postconviction petition after a stage-one dismissal is appropriate, we conclude that we cannot consider the timeliness of defendant's second postconviction petition for the first time on appeal.  Our holding, however, does not preclude the State from raising the timeliness of defendant's second petition at stage-two proceedings on remand.

2.  Successive Postconviction Petition

Defendant calls our attention to the fact that his second petition could be considered an improper successive postconviction petition, but argues that we should not construe it in that way.  The State makes no argument as to the successiveness of defendant's second petition.  Although the trial court did not articulate the  successiveness of defendant's second postconviction petition as a basis for dismissal, we are not precluded from affirming on that basis in the way we are with respect to untimeliness.  See 
Caballero
, 179 Ill. 2d at 211 (generally, a reviewing court may affirm for any reason warranted by the record, regardless of the reasons stated by the lower court).  At any rate, we conclude that, in this case, a stage-one dismissal on successiveness grounds would be improper.

The Act contemplates the filing of one petition.   
Caballero
, 179 Ill. 2d at 211.  A petitioner is to get one complete opportunity to show that his constitutional rights were substantially denied.  
People v. Lieberman
, 186 Ill. App. 3d 277, 280-81 (1989).  However, the trial court may allow the filing of successive petitions when proceedings on a petition were deficient in some fundamental way.  
Lieberman
, 186 Ill. App. 3d 281.  

Nothing in the record indicates that the proceedings on defendant's first postconviction petition were deficient.  However, in defendant's second postconviction petition, he alleges that counsel appointed to represent him on his first petition was ineffective for allowing him to withdraw his petition without conferring with him sufficiently.  We believe that this sufficiently alleges a deficiency in the proceedings on defendant's first postconviction petition.

B. The Merits of Defendant's Second Postconviction Petition

Having determined that we cannot consider the timeliness of the second petition and that it is not an improper successive petition, we turn to the merits of defendant's second petition.  In reviewing the trial court's stage-one dismissal, we must determine whether the allegations in defendant's second petition, taken as true and liberally construed, present the gist of a constitutional claim.  See 
Edwards
, 197 Ill. 2d at 244.

Defendant contends that his second postconviction petition should have survived stage one of the proceedings because it incorporated the allegations in his first postconviction petition. Defendant argues that his first postconviction petition contained  allegations sufficient to raise the gist of a constitutional claim, 
i.e.
, that there was a 
bona
 
fide
 doubt as to his fitness when he entered his guilty plea; that he was denied the fitness hearing he was entitled to pursuant to section 104--21(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/104--21(a) (West 1994)); and that his attorney was ineffective when he failed to invoke his right to a fitness hearing.  The State responds by contending that our supreme court in 
People v. Mitchell
, 189 Ill. 2d 312 (2000), announced that a defendant receiving psychotropic medication does not have a constitutional right to a fitness hearing.

At the time defendant pleaded guilty, section 104--21(a) provided in pertinent part:

"A defendant who is receiving psychotropic drugs or other medications under medical direction is entitled to a hearing on the issue of his fitness while under medication."  725 ILCS 5/104--21(a) (West 1994).

The legislature has since rewritten the statute to remove that entitlement:

"A defendant who is receiving psychotropic drugs shall not be presumed to be unfit to stand trial solely by virtue of the receipt of those drugs or medications."  725 ILCS 5/104--21(a) (West 1996).

It is true that in 
Mitchell
 our supreme court held that the denial of a section 104--21(a) (Ill. Rev. Stat. 1989, ch. 38, par. 104--21(a)) fitness hearing is not in and of itself a constitutional deprivation because the administration of psychotropic medication is not equivalent to a 
bona
 
fide
 doubt as to the accused's fitness to stand trial.  
Mitchell
, 189 Ill. 2d at 327-31.  The holding in 
Mitchell
, however, did not alter the fact that, when a 
bona
 
fide
 doubt of defendant's fitness is raised outside the context of section 104--21(a), the court should rule on the issue before proceeding further and the failure to conduct an inquiry concerning competency violates the accused's constitutional right to due process of law.  See 
Mitchell
, 189 Ill. 2d at 326-27.  
 The allegations in defendant's first postconviction petition go beyond the bare allegation that he was taking psychotropic medication at the time of his guilty plea and was therefore denied a fitness hearing under the former section 104--21(a).  Defendant alleged other facts that could support a 
bona
 
fide
 doubt of his fitness, such as his attempted suicide two days before he pleaded guilty.  Defendant also alleged in his first petition that he was denied his constitutional right to the effective assistance of counsel when his trial counsel failed to request a fitness hearing.  We believe that these allegations are sufficient to raise the gist of a constitutional claim. See 
Edwards
, 197 Ill. 2d at 244.  Accordingly, we hold that the trial court erred in dismissing defendant's second postconviction petition pursuant to section 122--2.1(a)(2) of the Act.

C. Single Subject Rule

Defendant's last contention on appeal is that Public Act 83-942 (Pub. Act 83-942, eff. November 23, 1983), which amended the Act to allow summary dismissals of postconviction petitions after initial review by the trial court, violates the single subject rule of article IV, section 8, of the Illinois Constitution (Ill. Const. 1970, art. IV, §8).  We rejected this argument in 
People v. Vilces
, 321 Ill. App. 3d 937, 944-45 (2001).  This argument has also been rejected by every other district of the appellate court that has addressed the issue.  See 
Stewart
, 326 Ill. App. 3d at 939; 
People v. Sharpe
, 321 Ill. App. 3d 994, 997 (2001); 
People v. Dorris
, 319 Ill. App. 3d 579, 585 (2001); 
People v. Jones
, 318 Ill. App. 3d 1189, 1193 (2001); 
People v. Roberts
, 318 Ill. App. 3d 719, 733-34 (2000)
.  We continue to hold that Public Act 83-942 does not violate the single subject rule.

III. CONCLUSION

For the foregoing reasons, we reverse the circuit court's order dismissing defendant's second postconviction petition and remand the cause for further proceedings in accordance with sections 122--4 through 122--6 of the Act (725 ILCS 5/122--4 through 122--6 (West 2000)).

Reversed and remanded with directions.

McLAREN and BYRNE, JJ., concur.