SECOND DIVISION 

May 13, 2003

No. 1-01-1131

THE PEOPLE OF THE STATE OF ILLINOIS, 

Plaintiff-Appellee,

v.

BRUNO VASQUEZ, 

Defendant-Appellant.

)))))))))

)

Appeal from the

Circuit Court of

Cook County

No. 95 CR 13490

Honorable

Daniel M. Locallo and 

Kenneth J. Wadas,

Judges Presiding.

JUSTICE CAHILL delivered the opinion of the court:

We are asked to consider whether a defendant convicted and sentenced 
in absentia
 and whose timely filed direct appeal is dismissed under the fugitive rule may file a second notice of appeal more than three years after the time for the filing of a direct appeal has passed.  We find that we lack jurisdiction to consider the first appeal under the guise of a second notice of appeal.  We also find that the trial court was without jurisdiction to reconsider orders entered after the first notice of appeal was filed.  We conclude that under the fugitive rule, we have the discretion on proper motion to reinstate an earlier dismissed but timely filed direct appeal if and when the absent defendant is returned to custody.  We conclude that defendant must move to reinstate his earlier dismissed but timely filed direct appeal.

Defendant was charged with the attempted first degree murder of his cousin Alejo Vasquez.  Defendant was tried in a bench trial conducted simultaneously with a codefendant's jury trial that began on April 16, 1996.  Opening statements were made and testimony was heard the first day.  The codefendant's jury trial was continued to April 17, 1996.  Defendant's bench trial was continued to April 23, 1996.  

Defendant did not appear for trial on April 23.  The trial court continued the case to May 1, 1996, to give defendant an opportunity to appear.  Defendant failed to appear on May 1.  The trial court then found that defendant was willfully absent and conducted a bench trial 
in absentia
.  Defendant was found guilty of attempted first degree murder on May 1, 1996.  The case was then continued to May 17 for sentencing.  

Defendant was still absent on May 17, 1996.  Defendant's attorney filed a motion for a new trial, which was denied on May 28, 1996.  Defendant was then sentenced 
in absentia
 to 19 years in prison.  Defendant's absence prevented preparation of a presentence investigation report.  His sentence was based on the conviction and his criminal background alone.  The trial judge said on the record that he would "continue" the case to entertain a motion to reconsider defendant's sentence when he was returned to custody.  No continuance date was set.  Defendant's attorney filed a timely notice of appeal on May 28, 1996.  We later dismissed defendant's direct appeal No. 1-96-2127 on April 3, 1997, on the State's motion.  No briefs had yet been filed.

Defendant was arrested on an outstanding warrant over two years later, on July 12, 1999.  Defendant appeared before the trial court on July 21, 1999.  The judge hearing the call was not the same judge who conducted defendant's trial and imposed sentence.  The second judge noted that defendant had been sentenced in 1996 and that judgment on that sentence would have been entered in 1996.  The judge also noted that defendant had not been admonished about his appeal rights in 1996.  But the judge declined to admonish defendant then, stating that the admonishment would trigger the 30-day period for filing an appeal.  The judge said he was entering judgment on the 1996 sentence and then told defendant that he had 30 days to appeal the original guilty finding and sentence.  The case was continued to August 13, 1999.

A different attorney filed an appearance on defendant's behalf on August 13, 1999.  The new attorney filed a motion to reduce or modify the sentence imposed in 1996.  Defendant's attorney later filed a motion for a new trial on April 17, 2000.  This motion challenged the sufficiency of the evidence and claimed that the sentence was excessive in part because defendant was sentenced without a presentence investigation report.  The trial court ordered a presentence investigation report and continued the case to January 10, 2001.  

On that date, the trial court first considered its jurisdiction to reconsider a three-year-old sentence.  The trial court concluded that it had jurisdiction based on comments made by the original trial judge at sentencing that he would reconsider the 19-year sentence if defendant was returned to custody.  The trial court then denied the second motion for new trial filed on April 17, 2000, and continued the case to February 8, 2001, for a new sentencing hearing.

A sentencing hearing was held on February 27.  The court heard arguments from both the State and defendant.  Defendant admitted to the court that he deliberately fled the jurisdiction in 1996.  The trial court stated that it considered several factors, including those factors considered by the original trial judge.  The court said it agreed with the original sentence imposed:

"I can't say as I really find any flaw with [the original trial judge's] sentence, but just so the appellate court, if it goes up there for a review, is crystal clear that I did, in fact, reconsider all of these facts and circumstances, I will sentence the defendant to 17 years in the Illinois Department of Corrections, time credit for all the days that he had been in custody."  

On March 9, 2001, defendant filed a motion to reduce, correct or modify the 17-year sentence.  The motion was denied the same day.  A second notice of appeal was then filed on March 9, 2001.

Defendant argues on appeal that the evidence is insufficient to prove him guilty beyond a reasonable doubt.  The State responds that we have no jurisdiction over defendant's attempted second direct appeal because an earlier filed direct appeal was properly dismissed under the fugitive rule.  The State also contends that the original 19-year sentence imposed in 1996 must be reinstated and the 17-year sentence imposed in 1999 be vacated.  The State alternatively argues that the evidence against defendant is sufficient to support a conviction beyond a reasonable doubt.  

We agree with the State that the original 19-year sentence must be reinstated.  The modified 17-year sentence is vacated.  We also find that the second notice of appeal, filed on March 9, 2001, was insufficient to vest us with jurisdiction and that the original appeal has not been properly reinstated to allow us to reach the substantive issues.

Defendant claimed at oral argument that the State's jurisdictional objection was flawed because jurisdiction is proper under the second notice of appeal.  We disagree.

Defendant's original conviction and sentence became final when defendant was sentenced 
in absentia
 to 19 years in prison on May 28, 1996. 725 ILCS 5/115-4.1(c) (West 2000); 
People v. Partee
, 125 Ill. 2d 24, 530 N.E.2d 460 (1988).  The trial court lost jurisdiction upon the filing of the first notice of appeal that same day.  That notice vested us with jurisdiction over defendant's direct appeal.  
People v. Bounds
, 182 Ill. 2d 1, 3, 694 N.E.2d 560 (1998).  In our discretion, we dismissed the appeal under the fugitive rule.  See 
Partee
, 125 Ill. 2d at 37, citing, 
McGowan v. People
, 104 Ill. 100 (1882).  That dismissal did not, as defendant implies, reinvest the trial court with jurisdiction to hear the series of motions filed  in 1999 upon defendant's return.  Defendant's claim that the trial court had jurisdiction over the motions because they were filed under section 115-4.1(g) of the 
absentia
 statute (725 ILCS 5/115-4.1(e) (West 2000)) is both unpersuasive and unsupported by the record.

Section 115-4.1(e) reads:

"(e) When a defendant who in his absence has been either convicted or sentenced or both convicted and sentenced appears before the court, he must be granted a new trial or new sentencing hearing if the defendant can establish that his failure to appear in court was both without his fault and due to circumstances beyond his control. A hearing with notice to the State's Attorney on the defendant's request for a new trial or a new sentencing hearing must be held before any such request may be granted.  At any such hearing both the defendant and the State may present evidence."  725 ILCS 5/115-4.1(e) (West 2000).  

Subsection (g) allows a defendant to appeal the denial of a section 115-4.1(e) motion.  725 ILCS 5/5/115-4.1(g) (West 2000).   

The motions filed upon defendant's return were an August 1999 motion to reduce or modify his sentence and an April 2000 motion challenging the sufficiency of the evidence against him.  Neither of these motions cited section 115-4.1(e), let alone sought the relief set out above.  We reject defendant's attempt to rely on the 
absentia
 statute.  Defendant's second notice of appeal did not cite  section 115-4.1(g) as a ground for appeal and jurisdiction.

Defendant also argues that the original trial judge's comments on May 28, 1996, that defendant's sentence would be reconsidered when he returned, made the otherwise final order nonfinal.  Defendant conceded at oral argument that no Illinois case law supports this proposition.  Defendant nevertheless claims that a finding of finality would elevate form over substance.

Defendant overlooks that finality of an order is not governed by a trial court's comments, but by the substance and effect of the order.  
In re J.N.
, 91 Ill. 2d 122, 128, 435 N.E.2d 473 (1982).  The trial court here was required to sentence defendant 
in absentia
 upon a guilty finding. 725 ILCS 5/115-4.1(c) (West 2000).  Imposition of a sentence made defendant's conviction final and appealable.   
Partee
, 125 Ill. 2d at 32; 
People v. Baaree
, 315 Ill. App. 3d 1049, 1051, 735 N.E.2d 780 (2000).  The trial court's comments could not alter the finality of imposition of a sentence under section 115-4.1(e).  The trial court lost jurisdiction when the first notice of appeal was filed on May 28, 1996.  The trial court never regained jurisdiction to authorize it to consider the later motions filed, challenging defendant's sentence and the evidence supporting his conviction.  The trial court's February 27, 2001, order modifying defendant's 19-year sentence to 17 years is void for lack of jurisdiction.  
People v. Sawczenko
, 328 Ill. App. 3d 888, 893, 767 N.E.2d 519 (2002).  

Also not on point is the State's participation in the trial court proceedings in 1999 and after.  The State's conduct does not create jurisdiction by estoppel.  See 
Klopfer v. Court of Claims
, 286 Ill. App. 3d 499, 507, 676 N.E.2d 679 (1997) (consent of the parties does not confer jurisdiction).  

Having concluded that the second notice of appeal did not vest us with jurisdiction, we consider whether we may still exercise the jurisdiction vested in us by the timely filed first notice of appeal.  We find that we cannot. 

The fugitive rule allows discretionary dismissal of an appeal 
unless and until
 a defendant is returned to custody.  
Partee
, 125 Ill. 2d at 37.  This language grants us discretion in determining whether to dismiss or reinstate a fugitive's appeal.  The State contests that our reading is at odds with Supreme Court Rule 606(c), which sets out the extended filing deadlines afforded criminal defendants.  188 Ill. 2d R. 606(c).  

The State contends that the fugitive rule espoused in 
Partee
 must be read in harmony with Rule 606 to require an absent defendant to return within the time afforded for filing an appeal under Rule 606.  The State argues that our reading here results in a 4 1/2-year tolling of Rule 606(c).  The State reasons that the fugitive rule must be adhered to by all defendants and concludes that our discretion under the fugitive rule is trumped by Rule 606.  We disagree.

The State's argument expands 
Partee
 to imply that an absent criminal defendant waives the right to an appeal if his return is outside the Rule 606(c) window.  We do not believe 
Partee
 may be so read.   

The "unless and until" language used in 
Partee
 was not qualified by a precondition such as that posited by the State.  We must presume that, since Rule 606 was in force when 
Partee
 was decided, our supreme court did not envision reinstatement of a dismissed fugitive appeal to implicate Rule 606 considerations.  Our conclusion is underscored by the purpose of Rule 606.

Rule 606 governs only the 
filing
 of an appeal, not when an appeal is heard.  188 Ill. 2d R. 606.  It is when we may 
hear
 a returned fugitive's appeal, not when a returned fugitive's appeal must be filed, that we consider here.  The May 28, 1996, notice of appeal was a timely filed direct appeal that properly vested us with jurisdiction.  The May 28 filing also removed this case from Rule 606(c) governing late appeals, since the notice was filed within 30 days of entry of a final order under Rule 606(b) (188 Ill. 2d R. 606(b)).  There is no need to resort to the extended filing period afforded under Rule 606(c).  We disagree with the State that our reading of 
Partee
 ignores Rule 606(c).  The procedural posture of this case shows that the rule is not implicated.

This brings us to the nature of our dismissal of defendant's original appeal.  We believe that, to be consistent with 
Partee
, our discretionary dismissal under the fugitive rule must be a dismissal without prejudice, subject to reinstatement upon proper motion.  Our jurisdiction is not terminated by the dismissal.  Rather, it is deferred until a fugitive defendant returns and petitions us for reinstatement. 

Support for our conclusion is found in cases authorizing reinstatement of criminal appeals dismissed for want of prosecution.  See 
People v. Moore
, 133 Ill. 2d 331, 338-39, 549 N.E.2d 1257 (1990).

In 
Moore
, our supreme court considered the appropriate remedy for a criminal defendant whose appeal is dismissed because of attorney negligence.  The court concluded that reinstatement by motion in the appellate court was preferable where a defendant "properly invoked appellate jurisdiction, only to have his appeal dismissed, through no fault of his own."  
Moore
, 133 Ill. 2d at 339-40.  

We acknowledge that 
Moore
 stressed the lack of the defendant's culpability in the dismissal as the reason that warranted reinstatement.  But we believe that the 
Moore
 analysis is still analogous to appeals dismissed under the fugitive rule.

As in 
Moore
, an appeal dismissed under the fugitive rule invokes appellate jurisdiction in the first instance.  Even though the later dismissal of defendant's appeal here was triggered by his purposeful and continued absence, we cannot ignore that a criminal defendant must at some  time be afforded the equivalent of a direct review and appellate advocate.  
Penson v. Ohio
, 488 U.S. 75, 102 L. Ed. 2d 300, 109 S. Ct. 346 (1988).  

We hold that a defendant whose timely filed direct appeal is dismissed under the fugitive rule does not waive the right to a direct review, but may petition for reinstatement of his appeal upon his return.  Defendant here tried to resurrect his appeal by filing a series of motions in the trial court.  He now appeals the orders disposing of those motions.  We have determined that the trial court lacked jurisdiction to consider the motions filed after defendant's return.  The void orders do not cloak us with jurisdiction to reach the merits of defendant's appeal.  See 
JoJan Corp. v. Brent
, 307 Ill. App. 3d 496, 503, 718 N.E.2d 539 (1999) (the jurisdictional basis for reviewing orders or judgments that are void is not clear).  But we may exercise jurisdiction over the second notice of appeal for the purposes of reviewing the trial court's lack of jurisdiction to enter orders after the first notice of appeal was filed in 1996.  See 
Moffat Coal Co. v. Industrial Comm'n
, 397 Ill. 196, 201-02, 73 N.E.2d 423 (1947) (void order will be reversed on appeal whenever it is brought before a reviewing court).  The proper procedure for defendant to pursue his direct appeal rights is to petition us to reinstate his earlier filed appeal.  That appeal is held in abeyance under the fugitive rule "unless and until" defendant returns.  
Partee
, 125 Ill. 2d at 37.  

We believe a distinction must be made between a fugitive defendant who first attempts to pursue his direct appeal rights when he is returned to custody and a fugitive defendant who properly invokes appellate jurisdiction, but whose appeal was later dismissed under the fugitive rule.  The former implicates sections 115-4.1(e) and (g) of the 
absentia
 statute and the considerations that arise therein.  See 
People v. Williams
, 274 Ill. App. 3d 793, 655 N.E.2d 470 (1995).  The latter requires only that defendant petition for reinstatement of the dismissed appeal.

We vacate the trial court's order modifying defendant's sentence to 17 years and reinstate the original 19-year sentence.  The notice of appeal filed on March 9, 2001, is dismissed for lack of jurisdiction.  Our jurisdiction is limited to a consideration of a motion to reinstate defendant's appeal, should one be filed. 

Vacated; sentence reinstated; and appeal dismissed.

McBRIDE, P.J., and BURKE, J., concur.