NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210222-U

NO. 4-21-0222

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 23, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Champaign County |
| WOODROW A. BROWN, | ) | No. 13CF1557 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Roger B. Webber, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Presiding Justice Knecht and Justice Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The circuit court erred by treating defendant's second postconviction petition as a successive postconviction petition where the first petition was filed without defendant's knowledge and authorization.

¶ 2    In June 2018, a postconviction petition was filed on behalf of defendant, Woodrow A. Brown. The Champaign County circuit court dismissed the postconviction petition as frivolous and patently without merit. Defendant filed a joint motion to vacate the void judgment and for reconsideration, asserting he did not file the postconviction petition and did not authorize the filing of it. The State filed a motion to strike defendant's postjudgment motion. After a September 2018 hearing, the court denied all the motions and noted its June 2018 dismissal of defendant's postconviction petition remained in full force and effect. Defendant did not appeal the court's dismissal.

¶ 3    In January 2020, defendant filed a *pro se* postconviction petition and provided

evidence the June 2018 petition was not filed by him. The circuit court treated the petition as a successive postconviction petition and denied defendant leave to file the successive petition because defendant failed to adequately allege prejudice.

¶ 4 Defendant appeals the denial, contending (1) the circuit court should have treated his January 2020 postconviction petition as an initial postconviction petition and, (2) in the alternative, his successive postconviction petition did establish prejudice. We reverse and remand for further proceedings.

¶ 5 I. BACKGROUND

¶ 6 In September 2013, the State charged defendant by information with one count of aggravated battery with a firearm (720 ILCS 5/12-3.05(e)(1) (West 2012)), one count of aggravated discharge of a firearm (720 ILCS 5/24-1.2(a)(2) (West 2012)), and one count of reckless discharge of a firearm (720 ILCS 5/24-1.5(a) (West 2012)). Those charges relate to an incident on September 18, 2013, in which defendant shot Dyvar Johnson, the brother of his girlfriend, Unique Ayers, at the apartment they all shared. Defendant raised the affirmative defense of self-defense. Before trial, the circuit court dismissed the reckless discharge of a firearm charge at the State's request.

¶ 7 After a November 2014 trial, the jury found defendant guilty of the two remaining charges. Defendant filed a motion for a new trial. At a joint January 2015 hearing, the circuit court denied defendant's motion for a new trial and sentenced defendant to 30 years' imprisonment for aggravated battery with a firearm. Defendant appealed, contending he was denied effective assistance of counsel and challenging the imposition of certain fines and the failure to receive credit against other fines. This court affirmed the circuit court's judgment but remanded the cause for the circuit court to address defendant's fines and credit issues. *People v.*

- 2 -

*Brown*, 2017 IL App (4th) 150154-U, ¶ 37.

¶ 8          On June 13, 2018, a certification for exemption from e-filing and a postconviction petition were filed in defendant's name and purportedly signed by defendant. The envelope for the documents is included in the record on appeal. The return address on the envelope listed Mount Sterling, Illinois, as defendant's city of residence, and so did the documents. However, the postage stated it was paid in Urbana, Illinois. On June 18, 2018, the circuit court summarily dismissed the petition as frivolous and patently without merit.

¶ 9          On July 16, 2018, defendant filed *pro se* a joint motion to vacate a void judgment and a motion for reconsideration. Defendant asserted he did not file the postconviction petition and only gave John Marshall Law School authorization to file a postconviction petition on his behalf. He requested the June 2018 petition be vacated and withdrawn without prejudice. He also asked for an extension of the deadline for filing an initial postconviction petition to rectify the situation. Defendant attached his affidavit to the motion, which again noted he only gave permission to John Marshall Law School to file a postconviction petition and the June 2018 petition was not filed by himself or the law school. In August 2018, the State filed a motion to strike defendant's postjudgment motion.

¶ 10          On September 11, 2018, the circuit court held a hearing on the pending motions. Defendant was *pro se* at the hearing. Defendant asked for counsel, and the court denied defendant's request. Defendant stated the June 2018 petition was filed by Anne Ogwal and he did not tell her to file it. The court told defendant the following:

          "The relief that I think you might be most entitled to seek is to file a
          subsequent post-conviction petition, and allege in that that you have not filed or
          previously filed a petition, or authorized anyone to file on your behalf. And if and

- 3 -

when you do that, then we would have a contested hearing. I could probably appoint counsel for you at that time, although if people from the John Marshall Legal Clinic are helping you, then they could appear on your behalf, or we could look at counsel, if a subsequent petition gets filed on your behalf.

Now if you do that, it's very possible and likely that the State's going to file a motion to dismiss because you've already filed one and you didn't meet all the criteria from the second one, but you would be given a chance to respond to that, and you could certainly say, I didn't file the first one, which would create a question of fact we'd have to have a hearing to resolve."

Defendant then asked the court to confirm he was still able to file an original postconviction petition, and the court stated, "Right." The court further told defendant to state in his postconviction petition why it is late. Defendant indicated he wanted the June 2018 postconviction petition dismissed from the record. The court responded it did not think it had the authority to vacate the June 2018 petition and noted it would probably appoint defendant counsel on another postconviction petition to help defendant prove he did not file the June 2018 petition. The court concluded the hearing by denying defendant's joint motion and the State's motion to strike. It noted the prior order dismissing the June 2018 postconviction petition still stood.

¶ 11 On January 17, 2020, defendant filed a *pro se* petition for postconviction relief, in which he asserted the petition was past the due date because of circumstances out of defendant's control. Specifically, defendant argued a postconviction petition was filed by Ogwal without his consent. The document was not signed by him and was not mailed from his address. Defendant also attached Ogwal's affidavit to the petition, in which she stated she filed the June 2018 postconviction petition on her own volition and did not have defendant's consent. Other

attachments included correspondence from John Marshall Law School about defendant's case. Additionally, defendant noted he did not learn John Marshall Law School was not handling his postconviction petition until October 2019. In his postconviction petition, defendant alleged he was denied effective assistance of counsel because defense counsel failed to (1) investigate Detective David Roesch's recorded interview of defendant and (2) obtain and present information about Johnson's reputation of having a violent nature.

¶ 12    On March 31, 2021, the circuit court entered a written order, treating defendant's January 2020 postconviction petition as a successive postconviction petition and denying defendant leave to file the January 2020 petition. The court found defendant had established cause based on Ogwal's filing the January 2018 petition without his consent but found defendant failed to adequately allege prejudice.

¶ 13    On April 15, 2021, defendant timely filed a notice of appeal in sufficient compliance with Illinois Supreme Court Rule 606 (eff. Mar. 21, 2021). See Ill. S. Ct. R. 651(d) (eff. July 1, 2017) (providing the procedure for appeals in postconviction proceedings is in accordance with the rules governing criminal appeals). Thus, we have jurisdiction of defendant's appeal under Illinois Supreme Court Rule 651(a) (eff. July 1, 2017).

¶ 14                                   II. ANALYSIS

¶ 15    Defendant first contends his January 2020 postconviction petition was an original postconviction petition and not a successive one. The State disagrees and asserts the circuit court properly treated the January 2020 petition as a successive postconviction petition. We review *de novo* whether the circuit court erred in treating defendant's January 2020 petition as a successive petition for purposes of the Post-Conviction Hearing Act (Postconviction Act) (725 ILCS 5/122-1 *et seq.* (West 2020)). *People v. Taylor*, 2022 IL App (2d) 190951, ¶ 17. This

court also reviews *de novo* the denial of a request for leave to file a successive postconviction petition. See *People v. Gillespie*, 407 Ill. App. 3d 113, 124, 941 N.E.2d 441, 452 (2010).

¶ 16 Both parties address the recent appellate court decision in *Taylor*, 2022 IL App (2d) 190951. There, the reviewing court first found the circuit court improperly treated the defendant's second postconviction petition as a successive postconviction petition because the circuit court improperly dismissed the first postconviction on the ground of mootness, which did not fall under the definition of frivolous or patently without merit. However, contrary to the State's argument, the *Taylor* court further found that, even if it associated mootness with being frivolous or patently without merit, it would not conclude the defendant's second postconviction petition was a successive petition requiring leave of court to file. *Taylor*, 2022 IL App (2d) 190951, ¶ 25. In this case, the circuit court did dismiss the June 2018 petition on the basis it was frivolous and patently without merit, and thus we only consider the *Taylor* court's second reason for finding the defendant's second petition was not a successive one.

¶ 17 As to its second reason for finding the second postconviction petition was not a successive one, the *Taylor* court found *People v. Sawczenko*, 328 Ill. App. 3d 888, 767 N.E.2d 519 (2002), instructive. *Taylor*, 2022 IL App (2d) 190951, ¶ 25. In *Sawczenko*, 328 Ill. App. 3d at 890-91, 767 N.E.2d at 522, the defendant filed a petition for postconviction relief in September 1997. The petition advanced to the second stage, and the circuit court appointed counsel, who filed an amended postconviction petition. *Sawczenko*, 328 Ill. App. 3d at 891, 767 N.E.2d at 522. The State first filed a motion to dismiss the postconviction petition, which the court denied, and then filed an answer. *Sawczenko*, 328 Ill. App. 3d at 891, 767 N.E.2d at 522. When the parties next appeared before the circuit court, the defendant's postconviction counsel advised the court the defendant wished to withdraw his petition based on religious beliefs and

- 6 -

some research he had done. *Sawczenko*, 328 Ill. App. 3d at 891, 767 N.E.2d at 522. The circuit court granted the withdrawal after extensively admonishing the defendant about the consequences of withdrawing a postconviction petition. *Sawczenko*, 328 Ill. App. 3d at 891, 767 N.E.2d at 523. Over one year after withdrawing the September 1997 petition, the defendant filed another petition for postconviction relief in August 2000. *Sawczenko*, 328 Ill. App. 3d at 891, 767 N.E.2d at 523. At a hearing, the defendant made clear he wished to reinstate the allegations he made in the September 1997 petition and raise additional issues in a supplemental petition. *Sawczenko*, 328 Ill. App. 3d at 892, 767 N.E.2d at 523. In a written order, the circuit court found the defendant's August 2000 petition to be " 'frivolous and patently without merit.' " *Sawczenko*, 328 Ill. App. 3d at 892, 767 N.E.2d at 523.

¶ 18 On appeal, the reviewing court in *Sawczenko* considered whether the dismissal of the August 2000 petition could be affirmed on the ground the petition was "an improper successive postconviction petition," which was not a ground found by the circuit court. *Sawczenko*, 328 Ill. App. 3d at 897, 767 N.E.2d at 527. The *Sawczenko* court concluded it could not. *Sawczenko*, 328 Ill. App. 3d at 897, 767 N.E.2d at 528. It noted the Postconviction "Act contemplates the filing of one petition," and "[a defendant] is to get one complete opportunity to show that his constitutional rights were substantially denied." *Sawczenko*, 328 Ill. App. 3d at 897, 767 N.E.2d at 527. However, the reviewing court noted a circuit court "may allow the filing of successive petitions when proceedings on a petition were deficient in some fundamental way." *Sawczenko*, 328 Ill. App. 3d at 897, 767 N.E.2d at 528. On the facts before it, the *Sawczenko* court found the following:

"Nothing in the record indicates that the proceedings on defendant's first postconviction petition were deficient. However, in defendant's second

postconviction petition, he alleges that counsel appointed to represent him on his first petition was ineffective for allowing him to withdraw his petition without conferring with him sufficiently. We believe that this sufficiently alleges a deficiency in the proceedings on [the] defendant's first postconviction petition." *Sawczenko*, 328 Ill. App. 3d at 897, 767 N.E.2d at 528.

The court then reviewed the propriety of the circuit court's first stage dismissal of the August 2000 petition. *Sawczenko*, 328 Ill. App. 3d at 897-99, 767 N.E.2d at 528-29.

¶ 19 The *Taylor* court found the circumstances of the case before it provided a stronger basis than in *Sawczenko* for allowing the defendant to file his May 9, 2019, petition as an initial petition. *Taylor*, 2022 IL App (2d) 190951, ¶ 28. Unlike in *Sawczenko*, the recall of the reviewing court's mandate led to the circuit court's dismissal of the first postconviction petition as moot. *Taylor*, 2022 IL App (2d) 190951, ¶ 28. The circuit court's dismissal occurred shortly after the defendant filed his first petition and before the defendant had any opportunity to withdraw it. *Taylor*, 2022 IL App (2d) 190951, ¶ 28. Moreover, unlike in *Sawczenko*, where the defendant was in court and requested the withdrawal of his September 1997 petition, the defendant's first petition was dismissed without him or counsel being in court or having any input. *Taylor*, 2022 IL App (2d) 190951, ¶ 28. Last, unlike in *Sawczenko*, where the defendant received an opportunity to show his constitutional rights were substantially violated, the defendant did not have a similar opportunity. *Taylor*, 2022 IL App (2d) 190951, ¶ 28.

¶ 20 The *Taylor* court found additional support for its conclusion the defendant's second petition should be treated as a first petition in *People v. Little*, 2012 IL App (5th) 100547, 977 N.E.2d 902. In *Little*, 2012 IL App (5th) 100547, ¶ 19, the reviewing court held that, when a defendant files an initial postconviction petition seeking only to reinstate the right to a direct

appeal that was lost due to counsel's ineffectiveness, a subsequent petition is not a successive petition for purposes of section 122-1(f) of the Postconviction Act (725 ILCS 5/122-1(f) (West 2010)). In its analysis, the *Little* court noted our supreme court has held the Postconviction "Act affords every imprisoned defendant one complete opportunity to show a substantial denial of his constitutional rights." (Internal quotation marks omitted.) *Little*, 2012 IL App (5th) 100547, ¶ 20. It then found "section 122-1(f)'s reference to 'one petition *** without leave of the court' (725 ILCS 5/122-1(f) (West 2010)) refers to one complete opportunity to collaterally attack 'the proceedings which resulted in his or her conviction' (725 ILCS 5/122-1(a)(1) (West 2010))." *Little*, 2012 IL App (5th) 100547, ¶ 21. When "a defendant has been denied that opportunity because he used an initial petition solely to reinstate his right to a direct appeal that was forfeited through no fault of his own, he should be 'restored to the procedural posture he would have enjoyed if he had been represented by effective counsel who had timely filed a notice of appeal.' " *Little*, 2012 IL App (5th) 100547, ¶ 21 (quoting *Urinyi v. United States*, 607 F.3d 318, 321 (2d Cir. 2010) (*per curiam*)).

¶ 21     Here, in its order denying defendant leave to file a successive postconviction, the circuit court found defendant had made an adequate allegation of cause where defendant alleged Ogwal filed the first postconviction petition without defendant's authority and knowledge and attached an affidavit from Ogwal in support of the claim. Thus, as in *Little* and *Taylor*, defendant has alleged he lost his opportunity to collaterally attack his conviction through no fault of his own. Moreover, unlike in *Sawczenko*, defendant did not have a chance to withdraw the first petition filed by Ogwal because he was unaware of it until he received notice of the circuit court's dismissal order. Defendant then filed a timely motion to vacate the court's dismissal order in an attempt to restore his opportunity for a collateral attack, but the circuit court denied

the motion.  Also, unlike in *Sawczenko*, where the defendant received an opportunity to show his constitutional rights were substantially violated, the defendant did not have a similar opportunity because Ogwal filed the unauthorized petition.  Thus, like *Taylor*, the facts before us present even a stronger case than *Sawczenko* for treating defendant's second postconviction petition as an initial petition.  Accordingly, we find the circuit court erred by treating defendant's January 2020 petition as a successive postconviction petition.  We agree with the parties the proper remedy is to remand the cause for second-stage postconviction proceedings.  See *Taylor*, 2022 IL App (2d) 190951, ¶ 38.

¶ 22                                III. CONCLUSION

¶ 23             For the reasons stated, we reverse the Champaign County circuit court's dismissal of defendant's January 2020 postconviction petition and remand the cause for second-stage postconviction proceedings.

¶ 24             Reversed and remanded with directions.